Filed 3/15/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL JASON APPLETON,<br><br>    Defendant and Appellant. | H041332<br>(Santa Clara County<br>Super. Ct. No. B1368362) |

Defendant Paul Jason Appleton met John Doe through Grindr, a social media application for smartphones. After a consensual relationship lasting several months to a year, Doe told police that defendant and two other men had forced Doe to orally copulate them.

Defendant pleaded no contest to false imprisonment by means of deceit. (Pen. Code, §§ 236, 237, subd. (a).) The trial court suspended imposition of sentence and granted a three-year term of probation. Among other conditions, the court imposed two conditions at issue in this appeal: (1) Defendant's computers and electronic devices shall be subject to search for material prohibited by law; and (2) defendant shall not clean or delete his Internet browsing activity, and he shall maintain his history for a minimum of four weeks. Defendant challenges both conditions as overbroad, vague, and unrelated to his offense or future criminality.

We hold the probation condition allowing for searches of defendant's computers and electronic devices is unconstitutionally overbroad as worded. We will strike the condition and remand to the trial court to fashion a more narrowly tailored version of that

condition.  As to the second probation condition requiring defendant not to delete his browser activity, we conclude the condition by itself is valid, provided it supports a narrower, valid alternative to the first challenged condition.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of the Offense*[1]

At the time of the offense, defendant was a 43-year-old computer technology worker in Mountain View.  In July 2013, John Doe contacted the police and made the following statement.  In early 2013, he met defendant through Grindr.[2]  Doe was 16 years old at the time.  For several months, defendant and Doe maintained a consensual relationship that involved kissing, handholding, and sleeping together, but no further sexual conduct.  In July 2013, Doe stayed at defendant's residence for several days.  Around midnight on July 12, defendant and Doe were sleeping in defendant's bed when two male friends of defendant entered the bedroom.  The three men forced Doe to orally copulate them over a period of about 15 to 20 minutes.  Doe left the residence at around 1:00 a.m. and called the police later that night.  He told another witness one of the men had forcibly sodomized him.

Doe declined a SART exam.  After he expressed suicidal thoughts, he was taken into custody under Welfare and Institutions Code section 5150.

Police interviewed Doe several days later.  He made the following statement, which differed in some respects from his initial statement.  He had met defendant on Grindr one year earlier, but they did not start dating until February 2013.  At that time, defendant bought Doe an iPhone and performed oral sex on him.  Defendant performed oral sex on Doe three other times, and the two slept together for a period of several days, but they engaged in no other sexual conduct.  Doe reiterated that defendant and two of

---

[1] The facts are taken from the probation report.
[2] Grindr is a social media smartphone application through which its users can arrange to meet other users.

defendant's friends forced him to orally copulate them in July 2013 when Doe was sleeping in defendant's bed. Doe declined to make a pretext call.

B. *Procedural Background*

The prosecution charged defendant by felony complaint with oral copulation with a minor. (Pen. Code, § 288a, subd. (b)(1).) The parties entered a plea agreement whereby defendant pleaded no contest to false imprisonment by means of deceit (Pen. Code, §§ 236, 237, subd. (a)) in exchange for formal probation, credit for time served, and dismissal of the oral copulation count. In accord with the plea agreement, the trial court suspended imposition of sentence and granted a three-year term of probation to include a jail sentence of 236 days.

The probation report recommended a probation condition requiring that "defendant's computer and all other electronic devices (including but not limited to cellular telephones, laptop computers or notepads) shall be subject to Forensic Analysis search." The report also recommended a condition requiring defendant not to delete his Internet browsing activity and to keep a minimum of four weeks of history.

The trial court modified the first condition somewhat. First, the court stated, "I know that there has been a significant discussion with respect to some of the suggested conditions so I want to make some modifications to the language." The court also stated that if either party encountered difficulty with the conditions, "you have the right to come back, put it on calendar, and I can hear your point of view and Probation's." The court then imposed the following two conditions, among others: "Any computers and all other electronic devices belonging to the defendant, including but not limited to cellular telephones, laptop computers or notepads, shall be subject to forensic analysis search for material prohibited by law. You shall not clean or delete internet browsing activity on any electronic device that you own and you must keep a minimum of four weeks of history." The court explained that "the reason I'm imposing this condition is because social media was involved in this offense, and either social media or some kind of

3

computer software, and so I think this is an appropriate condition given the nature of the charges and the conduct admitted to in this case." The court subsequently asked defendant, "do you accept probation on those terms and conditions?" Defendant responded, "I do."

The next day, defendant requested a calendar setting. The requested stated, "Defendant would like his objections to some of the probation conditions made clear on the record." Five days later, the parties appeared in court for that purpose, whereupon defendant objected to the two probation conditions noted above. He cited his constitutional rights to freedom of speech and association under the First Amendment, his privilege against self-incrimination under the Fifth Amendment, and his rights to privacy and freedom from unreasonable search and seizure under the Fourth and Fourteenth Amendments. He further objected on the grounds that the conditions were vague, overbroad, and unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).

The trial court responded: "The defense brought these to the Court's attention at sentencing in response to the defense's concerns. I did modify the conditions so that Condition 11, the forensic search condition would be limited to devices belonging to Mr. Appleton, and I limited the scope of the search to materials prohibited by law. And I indicated that I believe the search conditions are appropriate. The case involves a conviction assessment now for sexual assault on a minor and that that contact was initiated through social media, and for those reasons, I believe that the probation condition is appropriate and a proper scope. The defense's objections are noted for the record."

## II. DISCUSSION

Defendant contends both probation conditions are unreasonable under *Lent*, *supra*, because they bear no relation to his offense or future criminality. He also challenges both conditions as unconstitutionally overbroad in violation of the First and Fourth Amendments. As to the condition requiring him to make his computers and all other

4

electronic devices subject to search "for material prohibited by law," he contends that phrase is unconstitutionally vague. As to the condition requiring him not to delete his browsing activity, he contends the condition is vague and overbroad in the absence of a knowledge element.

The Attorney General argues that defendant's claims are procedurally barred under the doctrines of waiver, forfeiture, and estoppel. The Attorney General contends defendant accepted the conditions as part of his plea agreement, under which he agreed to accept all "standard" terms and conditions of probation. She argues that once the trial court pronounced sentence, the court lacked the power to modify the terms of probation because they were part of the negotiated plea arrangement. She also contends the challenged conditions are reasonably related to the offense and narrowly tailored for constitutional purposes.

A. *Defendant's Claims Were Not Forfeited*

As an initial matter, we consider the Attorney General's argument that defendant has waived or forfeited his claims on appeal. We conclude the record does not support the Attorney General's claim that the challenged conditions were part of the plea agreement.

The prosecutor explicitly set forth the terms of the agreement on the record. The terms included imposition of formal probation, but the prosecutor made no mention of the challenged conditions. Rather, the prosecutor stated, among other things, that "[t]he standard fines and fees will apply as well as other standard[] terms and conditions." Based on this statement by the prosecutor, the Attorney General argues that defendant agreed to the challenged conditions because they were included in the "standard" conditions made part of the plea agreement.

None of the authorities cited by the Attorney General supports this contention. First, she cites two cases concerning restrictions on computer usage—not computer search conditions. (See *In re Victor L.* (2010) 182 Cal.App.4th 902, 925; *In re Hudson*

(2006) 143 Cal.App.4th 1, 11.)  Second, neither opinion held that the probation conditions at issue in those cases constituted standard terms or conditions.  The Attorney General cites another case stating only that the condition requiring defendants to "obey all laws" is a standard condition.  (*People v. Lopez* (1998) 66 Cal.App.4th 615, 636-637.)

The Attorney General concedes the record shows defendant raised his objections below, and she concedes the objections he lodged were identical to the claims raised here. Nonetheless, she argues that he waived his claims by responding affirmatively when, toward the end of the hearing, the court asked whether he accepted the grant of probation. But having made his objections known, defendant was not required to reject probation to preserve his claims for appeal.  (*People v. Woods* (1999) 21 Cal.4th 668, 678, fn. 5 [a criminal defendant need not reject probation and accept incarceration in order to seek review of an allegedly unreasonable or invalid search condition, but a proper objection must be raised at the time of the sentencing hearing].)

As the record makes clear, defendant unambiguously set forth his objections on the record.  The court acknowledged his objections and modified one of the conditions in response, albeit not to defendant's satisfaction.  Accordingly, we will consider the merits of defendant's claims.

B.  *Legal Principles*

"Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.]  This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379, quoting *Lent*, *supra*, 15 Cal.3d at p. 486.) Furthermore, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."  (*In re Sheena K.* (2007)

40 Cal.4th 875, 890.)  "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement."  (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

With respect to the standard of review, while we generally review the imposition of probation conditions for abuse of discretion, we review constitutional challenges to probation conditions de novo.  (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

C. *The Condition Allowing Searches of Defendant's Computers and Electronic Devices*

Citing the factors set forth at *Lent*, *supra*, 15 Cal.3d at p. 486, defendant challenges the condition making all his computers and electronic devices subject to a warrantless search for material that is prohibited by law.  He first contends the condition bears no relationship to the offense of which he was convicted.  Defendant acknowledges that he met the victim by using a mobile smartphone application, but he characterizes this factor as "tangential" and "incidental" to the offense.  He notes that his initial contact with the victim took place months before he committed the offense, and the commission of the offense itself did not involve the use of any computer or electronic device.  Nor is there any evidence defendant has digitally stored or downloaded child pornography or any other unlawful materials.

We agree with defendant that the nexus between the offense and the probation condition is somewhat attenuated.  But under the deferential standard of review required in the *Lent* analysis, we find no abuse of discretion in the trial court's finding that "either social media or some kind of computer software" was involved in the offense.  Accordingly, the probation condition does not run afoul of the first *Lent* factor requiring "no relationship to the crime."  Because the probation condition must trigger all three *Lent* factors to be invalid, we conclude the condition is valid under *Lent*.

7

Defendant also argues the condition is overbroad in violation of the Fourth Amendment and his rights of privacy.[3]  We agree with defendant that the condition implicates his constitutional rights.  It is well established that individuals retain a constitutionally protected expectation of privacy in the contents of their own computers.  (*People v. Michael E.* (2014) 230 Cal.App.4th 261, 276; *United States v. Heckenkamp* (9th Cir. 2007) 482 F.3d 1142, 1146; *United States v. Lifshitz* (2d Cir. 2004) 369 F.3d 173, 190.)  The United States Supreme Court has recently extended Fourth Amendment protections to searches of cell phones.  (*Riley v. California* (2014) 134 S.Ct. 2473, 2489 (*Riley*)).  Much of the reasoning in *Riley*—which recognized how the immense storage capacity of modern cell phones allows users to carry large volumes of data—would apply to other modern electronic devices covered by the probation condition at issue here.

The Attorney General responds that courts have historically allowed for warrantless searches of probationers' persons, homes, and vehicles.  (See *People v. Bravo* (1987) 43 Cal.3d 600, 604 [upholding suspicionless search of probationer's home based on probation search condition]; *People v. Medina* (2007) 158 Cal.App.4th 1571 [same].)  But those cases concern the validity of searches conducted after probationers have waived their Fourth Amendment rights by consenting to probation search conditions.  Thus, those courts did not consider the reasonableness of the search conditions under *Lent* or *Sheena K.* because the defendants in those cases did not challenge the conditions before they were imposed.  (*People v. Bravo*, *supra*, 43 Cal.3d at p. 604 [defendant never claimed search condition was unreasonable under *Lent*]; *People v. Medina*, *supra*, 158 Cal.App.4th at p. 1576 [defendant's consent to search condition constituted a waiver of his Fourth Amendment rights].)  As explained in Section II.A. above, defendant did not forfeit his claims challenging the computer search condition.  Indeed, he placed his objections on the record at a hearing scheduled to consider his claims.

---

[3] Defendant also contends the condition impinges on his freedom of expression under the First Amendment.  Because we hold the condition invalid on other grounds, we do not reach this argument.

8

Furthermore, the computer search condition at issue here arguably sweeps more broadly than the standard three-way search condition allowing for searches of probationers' persons, vehicles, and homes. First, by allowing warrantless searches of all of defendant's computers and electronic devices, the condition allows for searches of items outside his home or vehicle, or devices not in his custody—e.g., computers or devices he may leave at work or with a friend or relative. Second, the scope of a digital search is extremely wide. As the United States Supreme Court noted in *Riley*, "The current top-selling smart phone has a standard capacity of 16 gigabytes (and is available with up to 64 gigabytes). Sixteen gigabytes translates to millions of pages of text, thousands of pictures, or hundreds of videos. [Citations.] Cell phones couple that capacity with the ability to store many different types of information: Even the most basic phones that sell for less than $20 might hold photographs, picture messages, text messages, Internet browsing history, a calendar, a thousand-entry phone book, and so on." (*Riley*, *supra*, 134 S.Ct. at p. 2489.) Thus, a search of defendant's mobile electronic devices could potentially expose a large volume of documents or data, much of which may have nothing to do with illegal activity. These could include, for example, medical records, financial records, personal diaries, and intimate correspondence with family and friends.

At the sentencing hearing in May 2014, the trial court lacked the benefit of the Supreme Court's opinion in *Riley*. Nonetheless, recognizing the potentially invasive nature of the search condition as recommended by the probation report, the court attempted to limit the scope of the search to "material prohibited by law." But nothing in the record reveals further instructions or directions on how to implement such a limited search. Defendant contends this language constitutes no limitation at all, thereby making all information on his computers and electronic devices subject to search. We agree. Nothing in the record evidences any technology that would allow a forensic technician to determine whether a computer file or document contains unlawful material without first

examining its contents. For example, a technician would first have to look at a photograph to determine whether it constitutes child pornography. Once the photograph is viewed, defendant's privacy interests are compromised.[4]

The Attorney General also cites cases approving probations conditions that restrict defendants' use of computers or access to the Internet. (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1343 [rejecting overbreadth challenge to condition requiring probationer to obtain prior approval of probation officer before accessing the Internet]; *In re Victor L.*, *supra*, 182 Cal.App.4th 902 [upholding condition prohibiting minor from possessing a computer having or attached to a modem]; *In re Hudson* (2006) 143 Cal.App.4th 1 [upholding condition prohibiting parolee from having access to computers, the Internet, or camera equipment absent prior approval from parole officer]; *People v. Harrisson* (2005) 134 Cal.App.4th 637, 647 [upholding probation condition prohibiting defendant from accessing the Internet].) But these cases solely concern the use of and access to computers or the Internet; they do not address the Fourth Amendment concerns raised by defendant here.

In *People v. Ebertowski* (2014) 228 Cal.App.4th 1170 (*Ebertowski*), this court considered probation conditions requiring a defendant to provide his probation officer with passwords to his electronic devices, along with all passwords to social media websites, for search at any time. The defendant had admitted a gang allegation, and the prosecution produced documents showing he had used social media websites to promote

_____

[4] Technology exists that could assist a forensic technician to compare the "digital fingerprint" of a digitized photograph or video to those of known, preexisting digital files—e.g., files previously known to contain child pornography—without actually viewing the photograph or video. (See, e.g., *United States v. Chiaradio* (1st Cir. 2012) 684 F.3d 265, 271[the "hash values" of digital files—essentially a digital fingerprint— allowed FBI agent to identify confirmed videos and images of child pornography]; *United States v. Cartier* (8th Cir. 2008) 543 F.3d 442, 444 [FBI's reliance on digital "hash values" to identify files containing child pornography supported probable cause for issuance of a warrant].) But nothing in the record or the language of the condition challenged here indicates that a search of defendant's computers or electronic devices would be limited by the use of such technology.

10

his street gang. This court upheld the probation conditions against an overbreadth challenge on the ground the conditions would allow the probation officer "to implement the search, association, and gang insignia conditions that were designed to monitor and suppress defendant's gang activity." (*Id.* at p. 1175.) And the court held the intrusion on defendant's privacy was outweighed by the state's interest in preventing defendant from continuing his violent gang associations and activities. (*Id.* at p. 1176.)

Several divisions of the First District Court of Appeal have also recently considered a probation condition requiring minors to submit to warrantless searches of their electronic devices. (*In re Mark C.* (2016) 244 Cal.App.4th 520 (*Mark C.*); *In re J.B.* (2015) 242 Cal.App.4th 749, 758 (*J.B.*); *In re Erica R.* (2015) 240 Cal.App.4th 907 (*Erica R.*); *In re Malik J.* (2015) 240 Cal.App.4th 896 (*Malik J.*).)[5]

In *Mark C.*, the court held the probation condition was invalid under *Lent* because it had no connection to the underlying offense and was not reasonably related to future criminality. (*Mark C., supra,* 244 Cal.App.4th at p. 535.) In *J.B.*, the court found the condition invalid under *Lent*, struck the condition, and declined to remand for the trial court to fashion a narrower condition. (*J.B., supra*, 242 Cal.App.4th at p. 758.) In *Erica R.*, the court invalidated the condition as unrelated to the defendant's crime. (*Erica R., supra*, 240 Cal.App.4th at p. 912.) In *Malik J.*, the court found the probation condition overbroad but approved a modified version that allowed for searches of electronic devices found in the minor's custody and control. (*Malik J., supra*, 240 Cal.App.4th at p. 902.) We observe that most of the cases decided by our colleagues in the First District have found computer search conditions to be overbroad in some fashion.

Although the aforementioned cases concerned juveniles, we generally agree with their reasoning relating to computer search conditions. Like the conditions at issue in those cases, the probation condition here would allow for searches of vast amounts of

_____

[5] The validity of this probation condition is currently pending before the California Supreme Court. (*In re Ricardo P.*, review granted February 17, 2016, S230923).

personal information unrelated to defendant's criminal conduct or his potential for future criminality. Furthermore, the state's interest here—monitoring whether defendant uses social media to contact minors for unlawful purposes—could be served through narrower means. For example, the trial court could impose the narrower condition approved in *Ebertowski*, *supra*, whereby defendant must provide his social media accounts and passwords to his probation officer for monitoring.[6] Alternately, the court could impose a condition restricting defendant's use of or access to social media websites and applications without prior approval of his probation officer. (See, e.g., *People v. Pirali*, *supra*, 217 Cal.App.4th 1341.)

Accordingly, we conclude the probation condition as worded is unconstitutionally overbroad and we will strike the condition. However, because the trial court may be able to impose a valid condition more narrowly tailored to the states' interests, we will remand to the trial court for it to consider fashioning a probation condition consistent with this opinion. (See, e.g., *United States v. Lifshitz*, *supra*, 369 F.3d at p. 193 [finding computer search condition overbroad and remanding for imposition of a narrower condition].)

D. *The Condition Requiring Defendant Not to Delete His Browsing History*

As to the second probation condition requiring defendant not to delete his browser history, he challenges this condition on the same grounds as the first condition. He further contends the condition is vague in the absence of a scienter requirement.

For the reasons set forth above, we conclude the trial court did not abuse its discretion in finding the condition reasonably related to the offense under *Lent*, *supra*. Furthermore, in the event the trial court fashions a narrower condition allowing the probation officer to monitor or restrict defendant's use of social media, the requirement that defendant maintain his browser history would be necessary to enforce that condition. And assuming the probation officer can validly search defendant's computer or restrict

---

[6] To avoid a vagueness challenge, the court may wish to define "social media" with specificity—e.g., by providing a list of websites or applications.

his use of social media in some fashion, requiring him not to delete his browser history imparts a minimal degree of additional intrusion. We conclude that doing so serves a valid state interest in a sufficiently narrow fashion to satisfy constitutional concerns.

Defendant argues that the condition is invalid in the absence of a scienter requirement because he could unwittingly violate the condition by accidentally deleting his browser history or using software that does so automatically. Defendant acknowledges that some courts have found scienter requirements to be implied in probation conditions. (See *People v. Patel* (2011) 196 Cal.App.4th 956 [construing probation condition proscribing conduct to require the action be undertaken knowingly].) However, he urges us to follow those courts that have expressly modified probation conditions to include a scienter requirement. (See *Pirali*, *supra*, 217 Cal.App.4th 1341.)

It is not necessary to require an express scienter element where the concern is that the probationer might unwittingly violate an unambiguously worded condition. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 887.) We think the best approach is for courts to incorporate an express knowledge requirement only when necessary to address an inherently vague category of conduct. (*Ibid.*) Since there is nothing inherently vague or ambiguous about requiring defendant not to delete his browser history, we perceive no need for an express scienter requirement. Accordingly, we need not modify this probation condition at this time.

### III.  DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court with the following instructions. The trial court shall strike the probation condition requiring that "[a]ny computers and all other electronic devices belonging to the defendant, including but not limited to cellular telephones, laptop computers or notepads, shall be subject to forensic analysis search for material prohibited by law." The court shall consider fashioning an alternative probation condition consistent with this opinion.

13

_____

Márquez, J.

WE CONCUR:


_____

 Rushing, P. J.


_____

 Grover, J.


People v. Appleton
No. H041332

Trial Court:                                Santa Clara County
                                           Superior Court No: B1368362

Trial Judge:                               The Honorable Allison M. Danner


Attorney for Defendant and Appellant       Julia Freis
Paul Jason Appleton:                       under appointment by the Court of
                                           Appeal for Appellant


Attorneys for Plaintiff and Respondent     Kamala D. Harris,
The People:                                Attorney General

                                           Gerald A. Engler,
                                           Chief Assistant Attorney General

                                           Jeffrey M. Laurence,
                                           Acting Senior Assistant Attorney
                                           General

                                           Seth K. Schalit,
                                           Supervising Deputy Attorney General

                                           John H. Deist,
                                           Deputy Attorney General

People v. Appleton
H041332