Filed 5/2/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re JUAN R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUAN R.,<br><br>        Defendant and Appellant. | A151254<br><br>(Marin County<br>Super. Ct. No. JV26402) |

Fourteen-year-old Juan R. admitted committing second degree robbery (Pen. Code, § 211).  At disposition, he was placed on probation.  Juan challenges the dispositional order, contending the juvenile court imposed an unreasonable and unconstitutionally overbroad probation condition.  We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In January 2017, a Welfare and Institutions Code section 602 petition (Petition A) was filed, alleging Juan committed two misdemeanors:  petty theft of personal property (Pen. Code, § 484, subd. (a)) and throwing rocks at a vehicle (Veh. Code, § 23110, subd. (a)).  Without adjudging Juan a ward, the juvenile court continued further hearings for six months and placed Juan on informal probation pursuant to Welfare and Institutions Code section 654.2.

In March 2017, the Marin County District Attorney filed a second wardship petition (Petition B), under the same case number as the first, alleging Juan committed second degree robbery (Pen. Code, § 211; count one) and assault by means of force likely to cause great bodily injury (*id*., § 245, subd. (a)(4); count two).

1

As recounted by the probation report, on March 14, 2017, C.C. was walking near a school when a juvenile male asked him for money. C.C. gave him $20. When the juvenile and four other juvenile males chased C.C., C.C. used his cell phone to take photographs of them. The juveniles caught up to C.C., pushed him to the ground, and repeatedly punched and kicked him. One juvenile reportedly had a gun and threatened to shoot C.C. if he did not delete the photos. Another of the juveniles reached in C.C.'s pocket and took his wallet, which contained approximately $150 to $200. A bystander recorded a video of the attack, which showed Juan among the involved juveniles. Juan later admitted he attacked C.C.

At the detention hearing, Juan's diversion on Petition A was revoked, and he was ordered detained in juvenile hall. At the jurisdictional hearing, Juan admitted committing the second degree robbery (count one of Petition B) and signed a waiver of rights. The juvenile court declared count one a felony and dismissed count two.

The probation department's dispositional report indicated Juan was chronically truant, received poor grades, and had been suspended from school twice, as well as disciplined for sexual harassment and vandalism. Although Juan denied being in a gang, several of his coparticipants were admitted gang members affiliated with the Norteños.[1] Juan reported experimenting with alcohol and using marijuana regularly to "stop [himself] from getting mad." Juan's mother reported violence and substance abuse in the family home. Juan's father had been deported approximately a year prior, and Juan's mother reported being illiterate and feeling overwhelmed by Juan's behavior.

The probation department recommended Juan be placed on formal wardship probation subject to several conditions. One of the recommended conditions required Juan to "[s]ubmit to search of electronic devices at any time of the day or night by any law enforcement officer, probation officer, or mandatory supervision officer with or without a warrant, probable cause or reasonable suspicion including cell phones over

_____

[1] According to the probation report, at the time of the Petition A theft offense, Juan was with a group of minors who were "mostly wearing red and black colored sweatshirts."

2

which the minor has control over or access to *for electronic communication content information likely to reveal evidence that the minor is continuing his criminal activities and is continuing his association via text or social media with co-companions. This search should be confined to areas of the electronic devices including social media accounts, applications, websites where such evidence of criminality* [*or*] *probation violation may be found.* [¶] . . . The minor must provide access/passwords to these electronic devices, accounts, applications, websites to any law enforcement officer, probation officer or mandatory supervision officer." (Italics added & underscoring omitted.)

At the contested dispositional hearing, which related only to Petition B, Juan's trial counsel objected to the electronic search condition.[2] The juvenile court adjudged Juan a ward of the court and placed him on indefinite supervised probation. Numerous probation conditions were imposed, including the recommended electronic search condition. Juan was also prohibited, inter alia, from possessing or consuming alcohol and illegal drugs, from associating with gang members, and from contacting coparticipants. Juan filed a timely notice of appeal.

## II.   DISCUSSION

On appeal, Juan challenges the juvenile court's imposition of the electronic search condition. Specifically, he argues the probation condition, which allows warrantless search of his electronic devices, is unreasonable and unconstitutionally overbroad. We conclude the electronic search condition is valid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), superseded on other grounds as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290–291, and is not overbroad as written.

When a ward, like Juan, is "placed under the supervision of the probation officer or committed to the care, custody, and control of the probation officer . . . [t]he court may impose and require any and all reasonable conditions that it may determine fitting and

---

[2] Juan's trial counsel raised both reasonableness and overbreadth objections to the condition. Petition A was subsequently dismissed.

3

proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b); see *id.*, § 202, subd. (b).) "A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile." (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5; accord, *In re Luis F.* (2009) 177 Cal.App.4th 176, 189.) In fashioning probation conditions, the juvenile court must consider not only the circumstance of the crime, but also the minor's entire social history. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 921; *In re Walter P.* (2009) 170 Cal.App.4th 95, 100.)

A juvenile court's discretion is not boundless. " ' "A probationer has the right to enjoy a significant degree of privacy, or liberty, under the Fourth, Fifth and Fourteenth Amendments to the federal Constitution . . . ." ' " (*In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242.) However, " 'the liberty interest of a minor is not coextensive with that of an adult.' " (*Ibid.*) "[J]uvenile conditions may be broader than those pertaining to adult offenders . . . because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed." (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) "Further, when the state asserts jurisdiction over a minor, it stands in the shoes of the parents. A parent may curtail a child's exercise of constitutional rights because a parent's own constitutionally protected ' " 'liberty' " ' includes the right to ' " 'bring up children' " ' and to ' " 'direct the upbringing and education of children.' " ' " (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033–1034.) " 'In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

We review reasonableness challenges for abuse of discretion and constitutional challenges de novo. (*People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

4

A.      *Reasonableness of the Electronic Search Condition*

" '[A] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' (*Lent, supra*, 15 Cal.3d at p. 486.)  [The *Lent*] test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.  [Citations.]  As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*People v. Olguin* (2008) 45 Cal.4th 375, 379–380 (*Olguin*).)  "*Lent* applies to juvenile court probation orders." (*In re Josh W., supra*, 55 Cal.App.4th at p. 6.)

The People concede the electronics search condition satisfies the first two *Lent* prongs in that it is not directly related to the robbery and does not relate to conduct which is itself criminal.  (*Lent, supra*, 15 Cal.3d at p. 486.)  Thus, we focus on the final justification under *Lent*—future criminality.  The People contend the condition is reasonably related to preventing future criminality, specifically because of Juan's "admitted drug use, association with gang members, and apparent collusion with others to commit similar crimes."  Juan maintains the condition is not reasonably related to future criminality because there is no particularized risk he may use electronic devices in connection with future criminal conduct.

The law in this area is unsettled.[3]  Pending resolution from our Supreme Court, the divisions of this appellate district have reached different conclusions regarding electronic

_____

[3] The Supreme Court is currently considering the validity of similar electronic search conditions in a number of cases.  (See, e.g., *In re Ricardo P.* (2015) 241 Cal.App.4th 676, review granted February 17, 2016, S230923; *In re Patrick F.* (2015) 242 Cal.App.4th 104, review granted February 17, 2016, S231428; *In re Alejandro R.* (2015) 243 Cal.App.4th 556, review granted March 9, 2016, S232240; *In re Mark C.* (2016) 244 Cal.App.4th 520, review granted April 13, 2016, S232849; *In re A.S.* (2016) 245 Cal.App.4th 758, review granted May 25, 2016, S233932.)

5

search conditions. (See, e.g., *In re J.E.* (2016) 1 Cal.App.5th 795 [Division Four upholding condition as reasonable and not unconstitutionally overbroad], review granted Oct. 12, 2016, S236628; *In re P.O.* (2016) 246 Cal.App.4th 288 (*P.O.*) [Division One holding condition reasonable but overbroad]; *In re J.B.* (2015) 242 Cal.App.4th 749 (*J.B.*) [Division Three striking condition as unreasonable]; *In re Erica R.* (2015) 240 Cal.App.4th 907 (*Erica R.*) [Division Two striking condition as unreasonable]; *In re Malik J.* (2015) 240 Cal.App.4th 896 [Division Three holding condition reasonable but overbroad].)

For example, in *J.B.*, our colleagues in Division Three struck such a condition as unreasonable. (*J.B., supra*, 242 Cal.App.4th at p. 752.) The minor admitted an allegation of petty theft, was adjudged a ward of the court, and placed on probation. The juvenile court imposed an electronics search condition, relying on the minor's statement he had been using marijuana for at least two and a half years and the court's experience that minors using drugs tend to brag about their usage on the Internet. (*Id.* at pp. 752–753.) *J.B.* held the minor's prior use of marijuana was an inadequate justification for warrantless electronic searches under *Lent* because there was "no showing of any connection between the minor's use of electronic devices and his past or potential future criminal activity." (*J.B.*, at pp. 756, 758.) *Olguin* was distinguished on the ground it involved an adult probationer and none of the privacy concerns articulated in *Riley v. California* (2014) 573 U.S. ___ [134 S.Ct. 2473] (*Riley*).[4] (*J.B.*, at p. 757.) The *J.B.*

_____

[4] In *Olguin, supra*, 45 Cal.4th 375, the defendant, who had been convicted of driving under the influence of alcohol, challenged a probation condition requiring him "to notify his probation officer of the presence of any pets at [his] place of residence." (*Id.* at p. 378.) Acknowledging that the challenged condition "ha[d] no relationship" to the defendant's crime and did not involve criminal conduct, our Supreme Court nonetheless upheld the condition under *Lent* because it protected the safety of the probation officer charged with "supervising [the] probationer's compliance with specific conditions of probation." (*Olguin*, at pp. 380–381.) The condition furthered the probation officer's "ability to make unscheduled visits and to conduct unannounced searches of the probationer's residence" to "deter[] future criminality." (*Id.* at p. 381.) *Olguin* held "[a] probation condition that enables a probation officer to supervise his or her charges

6

court held that reasonableness is not judged solely by whether the condition itself would be reasonably effective in preventing future criminality, but whether it could be seen as a reasonable means for deterring future crime by this particular minor based on his history. (*Id.* at p. 757; accord, *Erica R., supra*, 240 Cal.App.4th at p. 913.)

In contrast, *P.O.* found an electronics search condition reasonably related to future criminality despite the fact the minor's offense did not involve electronics in any respect. (*P.O., supra,* 246 Cal.App.4th at pp. 294, 296.)  *P.O.* relied on *Olguin* for the proposition that "a probation condition that enables probation officers 'to supervise [their] charges effectively is . . . "reasonably related to future criminality." ' " (*P.O.*, at p. 295.)  The court explained:  "It may well be that a probation condition requiring a minor to forward all electronic communications to the probation officer or to wear a body camera would be unreasonable under *Lent, supra*, 15 Cal.3d 481, but it would be so because of the burden it imposed on the minor—not because it invaded the minor's privacy (a constitutional concern better addressed by the overbreadth doctrine), and certainly not because it lacked a connection to preventing future criminality." (*P.O.*, at p. 296.)  Otherwise "juvenile courts would be unable to impose standard search conditions permitting warrantless searches of a minor's person, residence, and vehicle . . . without a showing that those locations were all connected to past criminal conduct." (*Ibid.*)  The *P.O.* court concluded the electronics search condition "reasonably relates to enabling the effective supervision of [the minor]'s compliance with other probation conditions." (*Id.* at p. 295.)

We agree with the People that the third prong of the *Lent* test is not satisfied, and thus the electronic search condition is valid.  The condition "reasonably relates to enabling the effective supervision of [Juan's] compliance with other probation conditions." (*P.O., supra,* 246 Cal.App.4th at p. 295.)  Most importantly, it will deter Juan from planning future crimes with the other minors who participated in the instant offense.  Because other conditions of Juan's probation prohibit drug and alcohol use, and

---

effectively is . . . 'reasonably related to future criminality' "—even if the condition has no relationship to the crime of which a defendant was convicted. (*Id*. at pp. 380–381.)

forbid association with coparticipants or gang members, the electronic search condition will also serve to enforce such prohibitions.

We respectfully disagree with our colleagues who have concluded *Lent* requires a condition to have a particularized tie between the minor's past conduct and the use of electronics. In our view, such a conclusion is inconsistent with *Olguin*. (See, e.g., *People v. Valdivia* (2017) 16 Cal.App.5th 1130, 1137–1138, review granted, Feb. 14, 2018, S245893.) Unless our Supreme Court disapproves *Olguin*, we are bound by the principle that probation conditions reasonably related to enhancing effective supervision are valid under *Lent*. Nothing in *Olguin*, or any other Supreme Court precedent of which we are aware, requires a connection between a probationer's past criminal conduct and the locations that may be searched to uphold a search condition under *Lent*.

Furthermore, *Erica R., supra,* 240 Cal.App.4th 907, and *J.B., supra,* 242 Cal.App.4th 749, are distinguishable on their facts. Unlike the wards in those cases, who had committed misdemeanor drug or theft offenses (*Erica R.*, at pp. 909–910; *J.B.*, at p. 752.), Juan committed a violent felony while on informal supervision, thereby raising larger public safety concerns. In addition to truancy and disciplinary issues at school, Juan admitted to regularly using drugs and is associating with known gang members. His mother admitted an inability to control Juan's behavior—due in part to her illiteracy. The juvenile court imposed the electronic search condition precisely because it enhanced its ability to monitor Juan's complex constellation of needs.[5]

---

[5] In ordering the electronic search condition, the juvenile court explained: "I've been sitting here for a few months. I noticed a similar group of boys come through that are engaged in very similar kinds of criminal activity. I'm not saying you've been involved in all of them, but I have seen you in some, I've seen the same group. So that leads me to think that you are acting in concert with each other. Do you know what that means? Together. The nature of the crimes indicates minors acting together to commit a crime. That can't happen. And if one of the ways for me to help stop that is to be able to search your phone, because I'm going to keep you folks away from each other and I have to be able to search your phone to make sure that the term of your probation is being followed. I'm not interested in your love life, or your girlfriends, or your sexuality, but I am interested to make sure that you are staying away from a group of kids that has been getting in trouble and intimidating and instilling fear in the community. So that's why

8

Juan, like the minor in *In re J.E., supra*, 1 Cal.App.5th 795 (rev. granted), is a very troubled teenager needing active supervision and monitoring to prevent future criminality. (See *id.* at p. 801.) Given Juan's social history and the circumstances that led to his wardship, the juvenile court could reasonably believe monitoring his use of electronic communication and social media would deter future criminal behavior. We conclude the challenged condition is reasonable within the meaning of both Welfare and Institutions Code section 730 and *Lent, supra*, 15 Cal.3d 481.

B.      *Constitutionality of Electronic Search Condition*

Juan also contends the electronic search condition is unconstitutionally overbroad. He contends the condition infringes on his Fourth Amendment right to be free of unreasonable searches, as well as his First Amendment right to free expression. He also argues the condition is not narrowly tailored to his individual circumstances or public safety interests—asserting the condition allows "unfettered access to all of Juan's electronic devices, and *all* of the information on those devices." (Italics added.) We disagree.

"A probation condition . . . may be challenged as unconstitutionally vague or overbroad. [Citation.] . . . A restriction is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.] The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) " 'If available alternative means exist which are less violative of the constitutional right and are narrowly drawn so as to correlate more

I'm imposing that electronic search and seizure. Also, your mom has asked for help and she's had very difficult circumstances and she's not able to monitor your cell phone use. So probation is going to have to step in and do that."

closely with the purposes contemplated, those alternatives should be used . . . .' " (*In re Luis F., supra,* 177 Cal.App.4th at p. 189.)

In arguing that the electronics search condition is overbroad, Juan relies on the United States Supreme Court's discussion of related privacy concerns in *Riley, supra*, 134 S.Ct. 2473. *Riley* held that law enforcement officers generally must secure a warrant before searching the digital content of a cell phone incident to an arrest. (*Id.* at p. 2485.) The court distinguished a search of a modern cell phone's contents from the search of other property found during a typical *arrest* search of the person. A cell phone "not only contains in digital form many sensitive records previously found in the home; it also contains a broad array of private information never found in a home in any form—unless the phone is." (*Id.* at p. 2491.)

We agree that "[m]odern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.' " (*Riley, supra*, 134 S.Ct. at pp. 2494–2495.) Nevertheless, *Riley* is not particularly helpful here. Unlike the arrestee in *Riley*, who had not yet been convicted of any crime, Juan admitted to having committed a violent felony and is now a ward of the juvenile court. Accordingly, his privacy interests are far more limited than those of the *Riley* arrestee. (*In re Jaime P.* (2006) 40 Cal.4th 128, 134 [privacy rights of a probationer are "diminished"]; *In re Antonio R., supra*, 78 Cal.App.4th at p. 941 [juvenile's constitutional rights more circumscribed than adult's].)

The People appear to concede Juan has a privacy interest, even if it is limited, in the information stored on his cell phone or other electronic devices. We, too, agree the electronic search condition implicates Juan's constitutional privacy rights. (See *People v. Appleton* (2016) 245 Cal.App.4th 717, 719 (*Appleton*).) In *Appleton*, the defendant pleaded no contest to false imprisonment and admitted meeting his minor victim through a social media application. (*Id.* at pp. 719–720, 724.) Thus, the trial court's broad electronic search condition, allowing for search of the defendant's computers and electronic devices for material prohibited by law, was reasonable under *Lent*'s first prong

10

because " 'either social media or some kind of computer software' was involved in the offense." (*Id.* at pp. 719, 721, 724.)

*Appleton* went on to address overbreadth, first recognizing that "[i]t is well established that individuals retain a constitutionally protected expectation of privacy in the contents of their own computers." (*Appleton, supra*, 245 Cal.App.4th at p. 724.)  The trial court had made only an ineffective attempt to narrow "the potentially invasive nature of the search condition" by limiting its scope to a search for " 'material prohibited by law.' " (*Id.* at p. 725.)  However, "[n]othing in the record evidences any technology that would allow a forensic technician to determine whether a computer file or document contains unlawful material without first examining its contents." (*Ibid*.)  The court further explained:  "Although [the majority of the cases from the First District] concerned juveniles, we generally agree with their reasoning related to computer search conditions. Like the conditions at issue in those cases, the probation condition here would allow for searches of vast amounts of personal information unrelated to defendant's criminal conduct or his potential for future criminality.  Furthermore, the state's interest here— monitoring whether defendant uses social media to contact minors for unlawful purposes—could be served through narrower means." (*Id.* at p. 727.)  The condition was stricken and the matter remanded "because the trial court may be able to impose a valid condition more narrowly tailored to the state's interests." (*Ibid*.)

*P.O.* reached a similar conclusion on overbreadth with respect to a similarly broad electronic search condition.  (*P.O., supra,* 246 Cal.App.4th at pp. 292, 297–298.) Relying on *Appleton*, the court ordered the juvenile court to modify the condition "to limit authorization of warrantless searches of P.O.'s cell phone data and electronic accounts *to media of communication reasonably likely to reveal whether he is boasting about drug use or otherwise involved with drugs*." (*P.O.*, at p. 298, italics added.)  The court explained:  "According to the juvenile court, the condition's purpose is to allow monitoring of P.O.'s involvement with drugs, but the condition does not limit the types of data that may be searched in light of this purpose.  Instead, it permits review of all sorts

11

of private information that is highly unlikely to shed any light on whether P.O. is complying with the other conditions of his probation, drug-related or otherwise." (*Ibid*.)

*P.O*. and *Appleton* suggest the probation condition at issue here is reasonably limited. Unlike the conditions found overbroad in those cases, the probation condition here is tailored and limits the types of data that may be searched. The condition explicitly requires Juan to "[s]ubmit [his electronic devices] to search . . . *for electronic communication content information likely to reveal evidence that the minor is continuing his criminal activities and is continuing his association via text or social media with co-companions. This search should be confined to* areas of the electronic devices including *social media accounts, applications, websites where such evidence of criminality* [*or*] *probation violation may be found*." (Italics added & underscoring omitted.) Thus, under this condition, a probation officer may infringe Juan's privacy interests, but only to the extent the electronic communication content searched is reasonably likely to yield evidence of continued contact with coparticipants or gang members, drug use, or other criminal activity and noncompliance with probation conditions. Other data that may be present on his electronic devices, such as banking information and medical records, is not subject to search under the condition.

The condition does *not* "permit[] review of all sorts of private information that is highly unlikely to shed any light on whether [the minor] is complying with the other conditions of his probation . . . ." (*P.O., supra*, 246 Cal.App.4th at p. 298.) Furthermore, there is no evidence Juan uses electronic devices to store such irrelevant and private information. (See *People v. Trujillo* (2017) 15 Cal.App.5th 574, 589, review granted, Nov. 29, 2017, S244650.) Accordingly, we conclude the condition does not unduly infringe on Juan's privacy rights.

### III.   DISPOSITION

The judgment is affirmed.

_____

BRUINIERS, J.

WE CONCUR:

_____

JONES, P. J.

_____

NEEDHAM, J.

A151254

Superior Court of Marin County, No. JV26402, Beverly K. Wood, Judge.

Gail E. Chesney, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Amit Kurlekar and Violet M. Lee, Deputy Attorneys General, for Plaintiff and Respondent.