Filed 9/23/20  P. v. Ailshire CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D076631 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD282550) |
| JERRY A. AILSHIRE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed as modified and remanded with directions.

Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

Jerry A. Ailshire pleaded guilty to assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) and admitted he personally used a deadly or dangerous weapon (§ 1192.7, subd. (c)(23)).  Ailshire was granted probation for three years subject to various conditions.

Ailshire appeals, challenging two parts of the probation order.  First, he contends the court improperly imposed an electronic search condition in violation of *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*).  Ailshire also contends the court denied him due process by imposing fines, fees, and assessments without a hearing on ability to pay the amounts imposed.

We will agree with Ailshire that the court did not have a sufficient basis for imposing the electronic search condition.  We will direct the court to strike that condition of probation.

We will disagree with Ailshire's contention regarding the fines, fees, and assessments imposed by the court.  The issue was addressed by the court.  The court reduced the amounts due down to a total of $954, reduced the payments to $35 per month, and ordered Ailshire to be promptly released to work furlough.  As we will explain, the court's response to the objection considered ability to pay and acted well within its discretion in setting the amounts due.

## STATEMENT OF FACTS

This appeal arises from a guilty plea.  The factual statement supporting the plea stated that Ailshire "unlawfully committed an assault [with] a deadly weapon against another and personally used the weapon in the commission."

---

[1]     All further statutory references are to the Penal Code.

DISCUSSION

I

The Electronic Search Condition

Over defense objection, the court imposed probation condition 6n, which requires Ailshire to submit his "person, vehicle, residence, property, personal effects, computers, and recordable media, including electronic devices [and including passcodes] to search at any time with or without a warrant, and with or without reasonable cause, when required by P.O., or law enforcement officer." The court explained that it was imposing a no-contact order on the defendant with regard to the victim and that the search condition would assist in monitoring the defendant's compliance with the order. There is nothing in the record that would show the defendant has or used electronic devices in any fashion in the commission of the current offense.

Ailshire contends the search condition regarding electronic devices violates *Lent, supra*, 15 Cal.3d at p. 486. He also argues the condition as applied to this case is overbroad under the rule established by *Ricardo P.*, *supra*, 7 Cal.5th at p. 1118, in that the intrusion into otherwise lawful activity is not proportional to the benefit it would provide to probation supervision.

Ordinarily, we apply the abuse of discretion standard of review to the analysis of probation conditions. (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723*; People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.) The analysis of probation conditions requiring search of electronic communication also must comply with *Lent* and *Ricardo P.*

In *Lent*, the court held that a probation condition "will not be held invalid unless it '(1) has no relationship to the crime of which the offender

3

was convicted, (2) relates to conduct which is not itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*Lent*, *supra*, 15 Cal.3d at p. 486.)

As applied to electronic searches, the court in *Ricardo P.* held that the courts must determine if the intrusion into lawful activity is proportional to the benefit of the probation supervision process. (*Ricardo P., supra*, 7 Cal.5th at pp. 1119-1122.)

As we have noted, this case does not involve any use or possession of electronic devices or show that Ailshire will likely use such devices in future criminal behavior. The generalized reference by the court to aiding in monitoring compliance with the no-contact order is nothing more than a statement that such searches will aid in probation supervision. Such justification does not satisfy the requirement of *Lent* as interpreted by *Ricardo P.* We will direct the trial court to strike condition 6n.

## II

### Fines, Fees, and Assessments

Ailshire contends the trial court imposed $954 in fines, fees, and assessments without determining if he had the ability to pay. That simply did not happen. The defense had notice of proposed sums the probation officer recommended. At sentencing, the defense asked the court to stay the amounts pending completion of probation as it was possible the defendant could lose his job if more custody was imposed. The court quickly responded by reducing the restitution fine and striking several assessments leaving the total of $954 as a reduced amount. Further, the court ordered payment at $35 per moth starting 60 days after release from custody and ordered Ailshire to be promptly released to work furlough or alternate program so he could keep his job.

4

The court was aware the defendant had a long and continuous history of employment.  He was in good health and was employed when he was sentenced.

The defense made no further objections and did not attempt to show the defendant could not pay $35 per month on his fines and assessments.

Although the court did not state a finding of ability to pay, it reduced the amounts, modified the payment plan, and ordered the defendant released to work furlough to facilitate employment.  The court's action clearly shows it considered the request and made arrangements for the defendant, over a three-year period to pay the modest amounts assessed.  Ailshire has made no showing either here or in the trial court that he lacked the ability to pay the reduced amounts.

## DISPOSITION

The judgment is modified to strike probation condition 6n.  The matter is remanded to the trial court with directions to strike condition 6n and to amend the judgment accordingly.  In all other respects, the judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



HALLER, J.



GUERRERO, J.

5