Filed 1/11/21  P. v Tamayo-Osua CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C091495 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF195454) |
| v. | |
| GENARO TAMAYO-OSUA, | |
| Defendant and Appellant. | |

Defendant Genaro Tamayo-Osua appeals from a condition of probation imposed after he pled no contest to a drug offense.  He contends the condition is unconstitutionally vague, and that the manner in which the trial court interpreted the condition violates his right to due process.  We agree and shall clarify the condition to make clear that the three-year probationary period is not automatically suspended or tolled if defendant is deported.  With this clarification, we affirm the judgment in all other respects.

1

FACTUAL AND PROCEDURAL BACKGROUND

In October 2019, officers detained and searched defendant and his vehicle and located heroin and cocaine. A subsequent search of defendant's house revealed additional heroin and cocaine as well as $5,000 in cash.

Defendant was charged with transporting heroin and two counts of possession for sale of a controlled substance, heroin and cocaine.

In January 2020, defendant pled no contest to possession of heroin for sale in exchange for dismissal of the remaining counts and a promise of probation with no initial county prison time. He also agreed to forfeit the assets seized during his arrest. The parties stipulated to the preliminary hearing transcript as the factual basis for the plea.

At the sentencing hearing on February 7, 2020, defense counsel objected to proposed probation condition No. 4, which provided: "Should probationer be taken into custody by U.S. Immigration & Customs Enforcement and deported from this country, all probation terms and conditions are suspended while out of the country; should s/he return to this country under any circumstances, s/he must immediately contact the Probation Office of Yolo County and all terms of probation immediately come into full force and effect." Counsel argued that the condition as proposed was vague and violated defendant's due process rights because it implied that the term of probation would automatically be tolled if defendant were deported even without a petition to revoke probation or a revocation order from the court.

The prosecutor replied that he did not "have an answer for [defense counsel's] comments about probation term number four." The prosecutor, however, surmised that the proposed condition "appear[ed] to be boilerplate language, that the terms and conditions follow [defendant] wherever he goes, not just here in the State of California."

After considering counsels' arguments, the court ruled that it would impose condition No. 4 as written, finding it did not violate defendant's due process rights. The court reasoned as follows: "[Condition No. 4] is a fair warning to him that if he does

2

leave, one of the things for being on probation is probation knowing how to get in touch with a defendant if he's going to Mexico and probation cannot access him. Of course, they could always file a violation of probation, but he shouldn't be able to be out of reach of probation for a period of time and have that period of time . . . count for the time that he's on probation. So I will keep term number four. I believe it is appropriate . . . ."

Following the court's explanation, defense counsel asked whether the court was "indicating then that [defendant's] probation, without any revocation from the Court, would just be tolled in that situation?" Counsel was unsure of how to advise defendant about the court's interpretation.

The court further explained that if defendant was taken into custody by "Immigration and Customs Enforcement" and deported from the country, "all the terms of his probation and conditions will be stayed or suspended while he's out of the country. And should he return to the country under any circumstances, he's immediately to contact the probation office in Yolo County, and all terms of probation will immediately return into full force and effect."

Defense counsel again asked whether defendant's probation would essentially "be stayed without a court revocation of any kind?" The court replied that it would "stand by the language in four." The trial court then suspended imposition of sentence and placed defendant on three years of formal probation subject to several terms and conditions, including probation condition No. 4. Defendant timely appealed.

DISCUSSION

Defendant contends probation condition No. 4 as written is unconstitutionally vague. He argues the condition could be interpreted to mean either that his probationary terms are suspended if he is deported but that the *period of probation* continues to run, or, as the trial court explained and the People argue, that the three-year *period of probation* constitutes a "term or condition of probation" that is automatically suspended if he is deported and comes back into full force and effect whenever he returns to the United

3

States.  The latter interpretation, he claims, violates his right to due process because it essentially results in an indefinite period of probation without the protections afforded in a revocation proceeding and a formal finding of violation.  Defendant thus urges us to clarify condition No. 4 by adopting his asserted interpretation -- that the period of probation continues to run even if he is deported and the probationary terms and conditions are suspended while he is absent from the country.

We review a constitutional vagueness challenge to a probation condition de novo. (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723.)  To withstand a challenge on the ground of vagueness, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated . . . .' "  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

In this case, we conclude that condition No. 4 is vague because it is subject to two equally plausible interpretations, leaving defendant to guess at its meaning.  As defendant argues, the phrase "all probation terms and conditions" as used in condition No. 4 could refer to only the requirements defendant must satisfy for the three-year probationary period, such as reporting to his probation officer as directed (condition No. 2), seeking gainful employment (condition No. 7), or abstaining from using or possessing alcohol or illegal drugs (conditions Nos. 19 and 20).  But, as the People contend, the phrase could also mean that the three-year probationary period itself constitutes a "term and condition" of probation.

The latter interpretation, which the trial court apparently adopted, raises serious due process concerns, however.  This is because it automatically tolls or extends the probationary period without affording defendant any of the protections ordinarily

4

involved in revocation proceedings[1] and could lead to an indefinite period of probation. (See, e.g., *People v. Leiva*, *supra*, 56 Cal.4th at p. 509 [rejecting Attorney General's interpretation of Penal Code section 1203.2's tolling provision to mean that the probationary period is indefinitely "extended" after probation is summarily revoked].)

When faced with an ambiguous condition that raises serious constitutional questions, we endeavor to construe the provision in a manner that avoids any doubt concerning its validity. (*People v. Leiva*, *supra*, 56 Cal.4th at pp. 506-507.) Here, that means clarifying that the phrase "terms and conditions of probation" as used in condition No. 4 does not include the actual three-year probationary period imposed by the trial court. In other words, even if the terms and conditions of defendant's probation are suspended upon deportation (see, e.g., *People v. Espinoza* (2003) 107 Cal.App.4th 1069, 1076 ["[o]ur courts lack jurisdiction to enforce their probation conditions or to remand the defendant into custody on foreign soil"]), the *period of probation* continues to run. The prosecution is free to file a petition to summarily revoke probation during that time, and the trial court has authority to adjudicate, in a subsequent formal probation violation hearing, whether defendant violated probation during, but not after, the court-imposed probationary period. (*Leiva*, at p. 502.)

---

[1]    A court is authorized to summarily revoke a defendant's probation under Penal Code section 1203.2 if the interests of justice so require and the court has reason to believe from the report of the probation officer or otherwise that the defendant has violated the terms of his probation. (Pen. Code, § 1203.2, subd. (a).) " 'Such summary revocation gives the court jurisdiction over and physical custody of the defendant and is proper if the defendant is accorded a subsequent formal hearing in conformance with due process. [Citation.] [¶] Therefore, after the summary revocation, the defendant is entitled to formal proceedings for probation revocation. The purpose of the formal proceedings is not to revoke probation, as the revocation has occurred as a matter of law; rather, the purpose is to give the defendant an opportunity to require the prosecution to prove the alleged violation occurred and justifies revocation.' " (*People v. Leiva* (2013) 56 Cal.4th 498, 505.)

DISPOSITION

Probation condition No. 4 is clarified to mean that the three-year probationary period imposed by the trial court is not automatically suspended in the event defendant is deported.  In all other respects the judgment is affirmed.


  /s/
Robie, J.


We concur:


  /s/
Hull,  Acting P. J.


  /s/
Renner, J.

6