Filed 6/8/22  P. v. Chavez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049067 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C2012412) |
| v. | |
| SEBASTIAN ANDRE CHAVEZ, | |
| Defendant and Appellant. | |

Appellant Sebastian Andre Chavez pleaded no contest to unlawful possession of a firearm by a felon (Pen. Code, § 29800, subd. (a))[1] and was placed on probation for a two-year term. On appeal, he argues that several of the probation conditions related to electronic searches are overbroad and must be narrowly tailored. He also argues that the probation supervision fee should be vacated due to recent legislative changes. We agree that the unpaid portion of the fee should be vacated but reject as either forfeited or lacking in merit Chavez's challenges to his probation conditions. As modified, we affirm the order granting probation.

---

[1] Unspecified statutory references are to the Penal Code.

# I.    BACKGROUND

On March 2, 2021, by agreement with the Santa Clara County District Attorney's Office, Chavez pleaded no contest to a newly amended complaint charging him with a single count of unlawful possession of a firearm by a felon (§ 29800, subd. (a)).[2]

The probation department prepared an abbreviated report that contained the following supplemental information: "A search of defendant's Snapchat account revealed he was advertising various firearms, large[-]capacity magazines, and ammunition for sale on the multimedia messaging software application."  Accordingly, the probation department recommended that any grant of probation be subject to the following conditions:

Condition 6:  "The defendant shall[,] as a condition of probation or mandatory supervision, give specific consent as that term is defined in Penal Code Section 1546 to any Peace Officer or any law enforcement agency to seize and search all electronic devices (including but not limited to cellular telephones, computers or notepads) in his/her possession or under his/her control to a search of any text messages, voicemail messages, call logs, photographs, e-mail accounts, social media accounts (including but not limited to Facebook, Instagram, Twitter, Snapchat, or any other site which the Probation Officer informs him/her of), and/or applications ('apps') pertaining to said accounts at any time with or without a warrant."

Condition 7:  "The defendant shall further agree and specifically consent to provide all passwords necessary to access or search such electronic devices (including but not limited to cellular telephones, computers or notepads) and understand that refusal to provide the password will constitute a violation of the terms of his/her probation or mandatory supervision."

---

[2] In contrast to the four charges of the original complaint, the first amended complaint filed by the parties' agreement identified the firearm as "an antique cowboy-style gun with a large barrel."

2

Condition 8: "The defendant's computer and all other electronic devices (including but not limited to cellular telephones, laptop computers or notepads) shall be subject to Forensic Analysis search by any Peace Officer or any law enforcement agency at any time with or without a warrant."

Condition 9: "The defendant shall not knowingly enter any social networking sites, (including but not limited to Facebook, Instagram, Twitter, Snapchat, or any other site which the probation informs him/her of), and/or applications ('apps') pertaining to said accounts nor post any ads, either electronic or written, unless approved by the Probation Officer."

Condition 10: "The defendant shall report all personal e-mail addresses used and shall report websites with passwords to the Probation Officer within 5 days."

And finally, condition 11: "The defendant shall not knowingly access the Internet or any other on-line service through use of a computer, or other electronic device at any location (including place of employment) without prior approval of the Probation Officer. The defendant shall not knowingly possess or use any data encryption technique program."

At his sentencing hearing on April 12, 2021, Chavez objected generically to probation conditions 6, 7, and 9 on the grounds that they were "overly broad" and violated his "Fourth Amendment rights of privacy and search and seizure." He specifically objected to probation condition 11 on the basis that it was "astonishingly overbroad" and would impair his ability to perform his job duties as a delivery person. He made no reference to recommended conditions 8 or 10.

Thereafter, the trial court ordered Chavez to serve 364 days in local custody—with a recommendation for release on electronic monitoring—and placed him on probation for a period of two years. The trial court also imposed conditions 6 through 10 as recommended, but not condition 11. As imposed, recommended conditions 6, 7, 8, 9, and 10 were renumbered as conditions 1, 2, 3, 5, and 6, respectively. Among other fines

3

and fees, the trial court ordered Chavez to pay a probation supervision fee of $50 per month under former section 1203.1b.

## II.     DISCUSSION

### A.     *Probation Conditions*

Chavez argues that the conditions ultimately imposed as 1, 3, and 6 are overbroad and should be limited to permit officers to search content and communications that are reasonably likely to disclose whether he is engaging in any firearm-related activity. To the extent that he preserved his claims for appeal, we conclude they lack merit.

### 1.     *General Legal Principles and Standard of Review*

A sentencing court, in granting probation, may "impose conditions . . . that are 'fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and . . . for the reformation and rehabilitation of the probationer.' " (*People v. Moran* (2016) 1 Cal.5th 398, 402-403 (*Moran*); § 1203.1, subd. (j).) On appeal, we review a challenge to the reasonableness of a probation condition for an abuse of discretion. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).) Under this deferential standard, we will not invalidate a condition of probation "unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) The *Lent* test is conjunctive, and all three prongs must be met before a reviewing court will invalidate a probation condition. (*Moran*, *supra*, 1 Cal.5th at p. 403.)

Even if otherwise reasonable under *Lent*, however, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 874, 890 (*Sheena K.*).) " 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate

4

purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' " (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723 (*Appleton*).) We review de novo a constitutional challenge to probation conditions. (*People v. Holzmann* (2018) 18 Cal.App.5th 1241, 1244.)

### 2. *Conditions 3 and 6*

As noted by the Attorney General, unless a probationer's challenge to a condition of probation presents a pure issue of law, preservation of the challenge on appeal requires a timely objection below. (*People v. Welch* (1993) 5 Cal.4th 228, 237 [failure to object to probation condition on *Lent* grounds forfeits claim on appeal]; *People v. Patton* (2019) 41 Cal.App.5th 934, 946 (*Patton*) [objection necessary to preserve as-applied constitutional challenge to probation condition]; *Sheena K.*, *supra*, 40 Cal.4th at p. 889 [same].) Application of the forfeiture rule is warranted where an appeal challenges a trial court's discretionary sentencing choices based on case-specific factors: "[C]haracteristically the trial court is in a considerably better position than the Court of Appeal to review and modify a sentence option or probation condition that is premised upon the facts and circumstances of the individual case." (*Sheena K.*, *supra*, 40 Cal.4th at p. 885.) The forfeiture rule exempts only a *facial* constitutional challenge that "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court." (*Ibid.*)

Chavez concedes his failure to object in the trial court to conditions 3 and 6 (numbered 8 and 10 in the probation report) but relies on *Sheena K.* to dispute the application of the forfeiture rule to his constitutional challenge to the probation conditions. His argument overlooks *Sheena K.*'s distinction between a challenge to the constitutionality of a condition as applied to the specific features of his case and a challenge to the constitutionality of a condition as a matter of law, irrespective of such

case-specific features.  (*Sheena K.*, supra, 40 Cal.4th at p. 885.)  The constitutional argument Chavez articulates in his opening brief is not a facial challenge to the constitutionality of the condition:  he makes no claim that conditions 3 and 6 "cannot have *any* valid application without relying on facts in [his] sentencing record." (*Patton*, *supra*, 41 Cal.App.5th at p. 946.)  Instead, he argues that the conditions "imposed a substantially greater burden on [his] privacy rights *than the circumstances warranted*." (Italics added.)  This is precisely the type of challenge that the trial court could have productively addressed on a timely objection, before Chavez accepted the terms of probation.  As Chavez did not raise this objection below, he has forfeited it on appeal.

Alternatively, Chavez argues that his counsel's contemporaneous objections to specifically enumerated electronics search conditions sufficiently preserved his arguments pertaining to all of them, including conditions 3 and 6.  It is not apparent, however, how Chavez's objections to *different* probation conditions would have adequately alerted the trial court that he intended to object to all related conditions.  (See *People v. Seijas* (2005) 36 Cal.4th 291, 302 [failure to make timely objection on specific ground asserted on appeal makes that ground not cognizable].)  Neither Chavez nor the trial court treated the assortment of recommended search conditions as indistinguishable or indivisible.  Chavez identified by number each of the conditions to which he was objecting, thus giving the trial court no indication that he wished the conditions he omitted to be reconsidered as well.  The trial court likewise considered Chavez's objections to his probation conditions individually, ultimately declining to impose recommended condition 11.  Accordingly, we are unable to conclude that objections to the other electronic search conditions would have been futile merely because the trial court implicitly rejected Chavez's overbreadth objection as to three of them.  (Cf. *People v. Hill* (1998) 17 Cal.4th 800, 820-822 [trial court's prior rulings and comments showed that further objections to prosecutorial misconduct would have been futile].)

6

Chavez finally urges us to exercise our inherent discretion to consider his arguments pertaining to conditions 3 and 6 despite the forfeiture. But the sparse record here merely underscores the trial court's superior ability to probe the facts and circumstances of Chavez's offense and the extent to which these support—or not—a claim of constitutional overbreadth. (*Sheena K.*, *supra*, 40 Cal.4th at p. 885.)

Because Chavez forfeited his claims of error in the imposition of conditions 3 and 6, we decline to reach the merits of these claims.

### 3.    *Condition 1*

Chavez did, however, timely object to the condition 1 in the probation order, which required him to submit all electronic devices under his control to a search of "any text messages, voicemail messages, call logs, photographs, e-mail accounts, social media accounts . . . at any time with or without a warrant." On appeal, he appears to challenge the condition on both *Lent* and constitutional grounds.[3]

We conclude that the condition meets the requisites of both *Lent* and the constitution.

### a.    *Reasonableness under* Lent

Given the terms of the parties' negotiated plea agreement, we have limited facts about Chavez's underlying offense, but the probation report states that "[a] search of defendant's Snapchat account revealed he was advertising various firearms, large[-]capacity magazines, and ammunition for sale on the multimedia messaging software application." Whether or not Chavez's use of social media pertained to his

---

[3] Although related, the two claims are distinct, and a probation condition may be reasonable under *Lent* yet unconstitutionally overbroad. (See *Appleton*, *supra*, 245 Cal.App.4th at pp. 724-727 [striking probation condition as overbroad despite validity under *Lent*]; *In re P.O.* (2016) 246 Cal.App.4th 288, 293-298 [same].) We assume without deciding that Chavez has preserved both arguments, although he did not specifically state that he was objecting on *Lent* grounds below.

current offense or past uncharged conduct,[4] the trial court could have relied on this information when exercising its broad discretion to impose probation conditions.  (See *Ricardo P.*, *supra*, 7 Cal.5th at p. 1122 [courts may rely on "information in a probation report that raises concerns about future criminality unrelated to a prior offense"].)  Thus, based on the information in the probation report, we conclude that the trial court did not abuse its discretion because the condition is reasonably related to future criminality and does not meet the third *Lent* factor.

Chavez argues otherwise, relying on *Ricardo P.*  In *Ricardo P.*, the California Supreme Court concluded that probation condition requiring a juvenile to submit to warrantless search of his electronic devices was not " 'reasonably related to future criminality,' " the third prong of the *Lent* test.  (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1115.)  The *Ricardo P.* court held that "*Lent*'s requirement that a probation condition must be ' "reasonably related to future criminality" ' contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition."  (*Id.* at p. 1122.)  In particular, *Ricardo P.* acknowledged that electronics search conditions "significantly burden[] [a probationer's] privacy interests" in part due to the immense storage capacity of modern cell phones.  (*Id.* at p. 1123.)

But *Ricardo P.* is distinguishable on its facts, as there was no indication in the record that the juvenile had used an electronic device in connection with his burglary offenses.  (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.)  The court noted that the case "involves a probation condition that imposes a very heavy burden on privacy with a very limited justification"; thus, on the record before it, "the electronics search condition [was] not ' "*reasonably* related to future criminality" ' " and was invalid under *Lent*.  (*Ricardo P.* at p. 1124.)

---

[4] The trial court characterized the facts of Chavez's current offense as "advertising various firearms and large capacity magazines on Snapchat and on the internet."  Chavez did not object to the trial court's description.

In this case, however, Chavez himself acknowledges that the record establishes a nexus between his use of electronic devices and his criminal conduct. The trial court was therefore entitled to find that the electronic search condition would deter Chavez from using social media to traffic weapons he was prohibited from possessing. Although the condition imposed by the trial court is not limited to social media applications and sweeps more broadly to encompass text messages, photographs, call logs, and emails, we discern no abuse of discretion in the trial court's determination that the condition was an appropriate means of monitoring Chavez while he is on probation. As recognized by *Ricardo P.*, " 'conditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime.' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) Accordingly, the trial court was entitled to find that the burden on his privacy rights imposed by the condition was proportionate to the legitimate interest in deterring his future criminality. (*Id.* at pp. 1122-1123.)

Chavez argues that the condition must be more narrowly tailored, citing *In re Alonzo M.* (2019) 40 Cal.App.5th 156 (*Alonzo M.*) and *In re Amber K.* (2020) 45 Cal.App.5th 559 (*Amber K.*). In those cases, the respective Courts of Appeal struck down electronics search conditions after finding them to be disproportionately burdensome under *Ricardo P.* (*Alonzo M.*, *supra*, at p. 168; *Amber K.*, *supra*, at pp. 567-568.) Both of those cases are distinguishable. In *Alonzo M.*, the juvenile's offenses were not directly connected to a use of electronic devices; the electronic search condition was imposed due to concerns about the juvenile's susceptibility to negative social influences. (*Alonzo M.*, *supra*, at pp. 166-168.) And in *Amber K.*, the only specific information that the juvenile used social media was that she made social media posts *after* she assaulted the victim. (*Amber K.*, *supra*, at pp. 565-566.) In contrast, the record reflects that Chavez, whose offense was unlawfully possessing a firearm, relied on social media to advertise firearms for sale. And his choice of a social media platform on which "stories" and messages automatically expire after a set amount of time (*In re A.G.* (2020) 58

9

Cal.App.5th 647, 650-651) supported an inference that he was prepared to exploit application features to evade detection. Given these aspects of Chavez's social media use, we are unable to conclude that the burden imposed by the condition was disproportionate to the state's legitimate interest in preventing future crimes. (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1122-1123.)[5]

Because all three prongs of the *Lent* factors must be met before a probation condition will be considered unreasonable, we must reject Chavez's claim of error under *Lent* because he has not met the third *Lent* factor. (*Moran*, *supra*, 1 Cal.5th at p. 403.) Accordingly, we conclude that the trial court did not abuse its discretion by imposing the condition. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.)

### b. *Overbreadth*

Chavez next argues that the probation condition should be modified to limit its scope because, as presently worded, it imposes a greater burden on his privacy rights "than the circumstances [of his case] warranted." We conclude instead that the condition is not unconstitutionally overbroad given the state's legitimate interest in preventing future crimes.

Condition 1 does infringe significantly upon Chavez's privacy, but "[a] trial court may impose probation conditions that place limits on constitutional rights if they are reasonably necessary to meet the twin goals of rehabilitation of the defendant and protection of the public." (*People v. Arevalo* (2018) 19 Cal.App.5th 652, 657.) As we have stated, Chavez himself acknowledges a link between his use of electronic devices

---

[5] For these same reasons, *In re P.O.*, *supra*, 246 Cal.App.4th 288, which Chavez relies on, is also distinguishable. In *P.O.*, there was nothing in the record to indicate that electronic devices contributed to the juvenile's offense of public intoxication; thus, the Court of Appeal held that the broad electronics search condition was not narrowly tailored to its purpose of furthering the juvenile's rehabilitation. (*Id.* at pp. 292-293, 298.)

and his criminality. Monitoring his compliance with his terms of probation and deterring his resort to social media for illicit activity is a legitimate goal of probation.

Moreover, we conclude that the burden placed on Chavez's constitutional rights is not unnecessarily high. In *In re Q.R.* (2020) 44 Cal.App.5th 696, a separate panel from this court rejected an overbreadth argument to a probation condition that required the juvenile to submit his electronic devices for a search of text messages, voice mail messages, call logs, photographs, email accounts, and social media accounts, and to provide passwords necessary to access the specified information. (*Id.* at p. 700, 702-705.) The juvenile had used an electronic device to commit his crimes; thus, we held that access to his electronic devices was "critical to monitor his progress on probation and to ensure that he is not continuing to engage in the sort of criminal conduct that led to him being declared a ward of the court." (*Id.* at p. 704.) In part, *Q.R.* noted that as a probationer, the juvenile's expectation in privacy was "markedly different from the broader privacy guaranteed under the Fourth Amendment to individuals who are not serving sentences or on grants of probation." (*Id.* at p. 703.) And it is that broader "preconviction expectation of privacy that was at issue in *Riley v. California* (2014) 573 U.S. 373, where the United States Supreme Court announced the general rule that police may not conduct a warrantless search of a cellular phone seized incident to an arrest." (*Id.* at pp. 703-704.) Given the facts of the juvenile's case, the court in *Q.R.* concluded that the condition was not unconstitutionally overbroad as applied. (*Ibid.*)

Although a juvenile court has broader latitude in imposing conditions on a minor than a trial court does on an adult probationer (see *Ricardo P.*, *supra*, 7 Cal.5th at p. 1118), we find the reasoning in *Q.R.* applicable here, especially as it pertains to the general principles governing probation conditions. As in *Q.R.*, the trial court in this case imposed an electronics search condition after considering Chavez's prior use of social media. The condition is thus appropriately tailored to the state's legitimate purpose, and it is not unconstitutionally overbroad.

Chavez argues that we should follow *Appleton*, *supra*, 245 Cal.App.4th 717, which found unconstitutionally overbroad a probation condition requiring a defendant's electronic devices be " 'subject to forensic analysis search for material prohibited by law.' " (*Id.* at p. 721.) *Appleton* is distinguishable. There, the only connection between the defendant and the electronics search condition was that the defendant met his victim on a social media site several months before he committed his crimes, none of which involved the use of any computers or electronic devices. (*Id.* at pp. 723-724.) The probation condition challenged in *Appleton*, which encompassed all electronic devices, was also more expansive than the one imposed on Chavez—probation condition No. 1 limits searches to "text messages, voicemail messages, call logs, photographs, e-mail accounts, social media accounts (including but not limited to Facebook, Instagram, Twitter, Snapchat, or any other site which the Probation Officer informs him/her of), and/or applications ('apps') pertaining to said accounts . . . ." Here, the challenged condition permits the probation officer to search only a subset of the information available on an electronic device.[6] It does not, for example, permit an officer to search historical location data potentially available on Chavez's phone, or to access data such as online banking or medical information.

Chavez argues that the condition could be limited to searches of "content or communication reasonably likely to disclose whether [he] is engaged in any firearm-related activity, including selling, carrying, possessing, or using firearms or ammunition." But Chavez's proposed limitation is not a limitation at all: it provides no direction as to

---

[6] *People v. Prowell* (2020) 48 Cal.App.5th 1094, which Chavez cites in his reply brief, is inapposite for the same reasons. In *Prowell*, the Court of Appeal found an electronic search condition that required the probationer to consent to a search of " 'any communication devices' " in his possession and control and disclose passwords to those devices was unconstitutionally overbroad. (*Id.* at pp. 1098, 1101-1102.) The condition imposed on Chavez in this case more limited in scope.

12

how a law enforcement officer would be able to determine that content or communication is likely to disclose whether he is engaging in firearms-related activity—absent inspection of the data file. (Cf. *Appleton*, *supra*, 245 Cal.App.5th at p. 725.) All text messages, voice mails, call logs, photographs, emails, and social media applications would seem to fall within this category, as they can all be used to promote or facilitate the sale of firearms. Chavez's suggested solution would have little to no practical impact on the scope and limits of an officer's search.

Although the invasion of privacy associated with searching Chavez's electronic devices is not trivial, we conclude that the burden imposed on his constitutional rights is outweighed by the state's interest in protecting the public. Thus, the electronics search condition imposed as condition No. 1 in the trial court's minute order is not unconstitutionally overbroad.

**B.**     ***The Probation Supervision Fee***

Chavez argues that this court should vacate the unpaid balance of his probation supervision fees. The Attorney General agrees to the vacatur, and we accept the concession.

On September 18, 2020, the Governor signed Assembly Bill No. 1869 into law, which "abrogated the authority to impose and collect 23 different administrative fees, including, as relevant here, the probation supervision fee." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625 (*Greeley*).) "Relevant to the probation supervision fee, section 1465.9, subdivision (a) provides, 'On and after July 1, 2021, the balance of any court-imposed costs pursuant to [s]ection 987.4, subdivision (a) of [s]ection 987.5, [s]ections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1201.1b, 108.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated.' " (*Ibid.*, fn. omitted.) In *Greeley*, we held that "the plain language of Government Code section 6111 and Penal Code section 1465.9 not only authorizes, but mandates, vacation

of a portion of a judgment for the purpose of striking the now-unauthorized assessments—here, the unpaid balance of the probation supervision [fee]." (*Id.* at p. 626.)

Therefore, we will modify the probation order to vacate any fees imposed on Chavez under section 1203.1b that remain unpaid as of July 1, 2021.

## III.    DISPOSITION

Pursuant to Penal Code section 1465.9 and Government Code section 6111, the portion of the probation supervision fee imposed under Penal Code section 1203.1b that remained unpaid as of July 1, 2021, is vacated.  As modified, the order granting probation is affirmed.

14

_____

Lie, J.

WE CONCUR:


_____

Greenwood, P.J.


_____

Grover, J.


*People v. Chavez*
H049067