Filed 3/15/21  P. v. McCulloch CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VERNON McCULLOCH,<br><br>    Defendant and Appellant. | D077567<br><br><br><br>(Super. Ct. No. SCD281832) |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Matthew R. Garcia, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

### BACKGROUND

On May 20, 2019, 11-year-old A.G. waited alone for her mother in the staff parking lot at her elementary school.  The parking lot was surrounded

by fencing and gates that were 15 to 20 feet high. One of the gates remained open. As she waited, defendant Vernon McCulloch approached the dumpsters on the side of the parking lot. He was singing, humming and saying inappropriate things, like "fuck."

When defendant saw A.G. he started talking to her, again saying inappropriate things and calling her a "bitch." He told her he wanted to play and they would be "playing with [her] pussy." He simulated a humping motion. A.G. became frightened and called out for the school janitor. Defendant then found the padlock on the gate and locked A.G. inside. Cursing, he left while A.G. tried to find a way out of the parking lot. After a few minutes, her mother arrived and called the police. A.G. stated she was scared and felt uncomfortable and not safe.

The San Diego County District Attorney filed an amended information charging defendant in count 1, with contacting a minor with intent to commit a sexual offense, in violation of Penal Code[1] section 288.3, subdivision (a). He was also charged with false imprisonment by violence, menace fraud or deceit in count 2, in violation of sections 236 and 237, subdivision (a), in count 3 with child molestation in violation of section 647.6, subdivision (a)(1), and in count 4 with cruelty to a child by endangering her health in violation of section 273a, subdivision (b).

Defendant pled guilty to counts 2 and 4. The remaining counts were dismissed. Defendant agreed to a waiver under *People v. Harvey* (1979) 25 Cal.3d 754, which allowed the sentencing judge to consider defendant's prior history and the entire factual background of this case, including the dismissed charges, for purposes of probation, restitution, and imposing sentence.

---

[1]     Further statutory references are to the Penal Code.

The court suspended imposition of the sentence, granted four years of formal probation and ordered that defendant serve 365 days in custody with credit for time served.

Defendant's formal probation included 1) submitting computers and recordable media, including electronic devices, to search at any time, with or without a warrant, and with or without reasonable cause, not extending to medical or financial records 2) not knowingly possessing pornographic material or knowingly being in places where pornographic materials were the main items for sale, and 3) not participating in computer chat rooms or otherwise knowingly contacting minors or persons defendant believed to be minors via computer.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant's sole issue on appeal is that the electronic search condition is improper under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), and *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*).

Trial courts have broad discretion to impose reasonable conditions of probation where they foster rehabilitation and protect the community. (§ 1203.1 subds. (a) and (i); *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) In order to invalidate a probation condition under *Lent*, the defendant must make three showings: 1) the condition has no relationship to the crime; 2) the condition is related to conduct that is not itself criminal; and 3) the condition is not reasonably related to his or her future criminality. (*Lent, supra,* 15 Cal.3d at p. 486.)

In examining the reasonableness of a probation condition more than a mere abstract or a hypothetical relationship between the condition and preventing future criminality is required. Rather, there must be a specific

relationship between the condition and preventing future criminality. (*People v. Cota* (2020) 45 Cal.App.5th 786, 790 (*Cota*).)

Here, the trial court concluded that while *Lent*'s first two prongs were not met, the electronics search fell within the third prong in that it was related to defendant's future criminality. In this respect, the court concluded defendant was a danger to the public in general, and young children in particular, especially at schools. The court reasoned that the circumstances of the current offenses involving inappropriate and sexual remarks and gestures toward a minor, his extensive criminal behavior and history while under the influence of drugs and past violations of probation orders and failures to appear, a past offense at a different school, and five previous incidents involving contacting, harassing, or assaulting people, made the electronics condition reasonable.

Courts of Appeal review the imposition of probation conditions for an abuse of discretion. (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723.) We conclude the electronics condition is reasonably related to defendant's future criminality as it ensures compliance with the uncontested prohibitions on his possession of pornographic materials, and participation in computer chat rooms, or knowing contact with minors via computer. Contrary to defendant's argument, the court did not impose this condition because of defendant's drug history. Moreover, we do not accept defendant's argument that the condition serves as a gateway to other, private information. The trial court specifically stated the condition does not extend to medical and financial records.

In light of our conclusions, we deem the electronic search condition reasonable.

4

## DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

DO, J.