Filed 3/9/26  P. v. Paez CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JUAN PAEZ,<br><br>      Defendant and Appellant. | A172714<br><br>(Alameda County<br>Super. Ct. No. 21-CR-006121) |

Juan Paez pleaded no contest to a misdemeanor count of annoying or molesting a child, and a felony count of dissuading a witness.  The trial court placed Paez on two years of formal felony probation with various conditions, including (1) his consent to searches by law enforcement and probation officers of his electronic devices at any time with or without a warrant, and (2) his mandatory participation in a sex offender treatment program for two years.  Paez contends, and we agree, that the electronics search condition is invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), but we reject his claim that the court erred in imposing the sex offender treatment condition.  Accordingly, we will strike the electronics search condition and affirm the judgment as modified.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are derived from the transcript of the September 2021 preliminary hearing.  At the time of the hearing, Jane Doe was 12 years

old. Paez was the boyfriend of Doe's mother and had lived with Doe and her family since she was two years old.

Doe recounted multiple instances of inappropriate sexual contact by Paez between 2019 and 2021. On Valentine's Day in 2019, Paez lay Doe on a bed and rubbed his hands on her vagina and then under her clothing. On another occasion in 2019, he digitally penetrated Doe's vagina when she was in bed. Also in 2019, when Doe was staying at a hotel with her family, Paez sat down on the bed next to her and rubbed her vaginal area over her underwear with his hand.

In 2020, Paez walked up behind Doe as she was brushing her hair, put his hands under clothing and began moving his hand around her nipples. He then put his hand into her pants and touched her vaginal area and rear end.

On two occasions while Doe was showering, Paez went into the shower and touched her vaginal area. He also asked Doe to wear her mother's "thong" underwear. Sometimes, when Doe was washing dishes, Paez would "slap [her] butt" as he walked by.

On two other occasions, Paez had Doe lie on the bed in her mother's bedroom and then got on top of her and rubbed his penis on her vagina. Paez was wearing boxer shorts on one of the occasions but nothing below the waist on the other occasion.

In May 2021, Paez rubbed and squeezed Doe's chest under her clothing as they sat on the couch next to Doe's mother, who did not see what was happening.

Following the preliminary hearing, the Alameda County District Attorney filed an information charging Paez with continuous sexual abuse of a child under the age of 14 (Pen. Code, § 288.5, subd. (a)).[1]

---

[1] Unspecified statutory references as to the Penal Code.

In June 2024, Paez entered a negotiated plea of no contest to one misdemeanor count of annoying or molesting a child (§ 647.6, subd. (a)(1)) and one felony count of dissuading a witness (§ 136.1, subd. (b)(1)).[2] Pursuant to the plea agreement, the count for continuous sexual abuse of a child under the age of 14 was dismissed.

As part of the plea deal, Paez agreed to a "four-way search clause" as a condition of probation in which his "vehicle, residence, person or any property under [his] control" could be searched "by any Probation Officer or any other law enforcement officer at any time of the day or night with or without a search warrant." Paez also agreed to register as a sex offender under section 290, subdivision (d)(1)(A), for 10 years (tier one).

At the sentencing hearing in July 2024, the trial court suspended imposition of sentence and ordered Paez to serve two years of formal probation, with specified conditions. Over Paez's objection, the court imposed a "five-way" search clause that would allow the search of his electronic devices in addition to his person, property, vehicle, and residence. As the court explained, "[t]hat means that law enforcement officers or probation officers may search you, anything you're carrying, any vehicle you're in control of, or your residence, any computer, cell phone, tablet or gaming console owned, used, or possessed by you at any time, day or night, with or without probable cause. [¶] I'm including this as a five-way search clause over the objection of [defense counsel] noting that this case involves very specific allegations—well, convicted conduct involving a ten-year-old child which demonstrates the defendant's prurient interest in young minor

---

[2]    There are no facts in the record related to the felony count for dissuading a witness, but the parties stipulated to a factual basis for the plea without reference to any specific facts or documents.

children here.  Such a condition is necessary and reasonably related to such conduct and necessary to protect the public and rehabilitate the defendant."

Paez also objected to the probation officer's recommended condition no. 10 that he "[s]ubmit to such education, counseling, treatments or tests as directed by the Probation Officer including, but not limited to, urinalysis," and condition no. 16 that he "[p]articipate in a recognized treatment program for sex offenders pursuant to Section 1203.067(b)(1) and (2) of the Penal Code."  The trial court struck condition no. 10 "with the exception that . . . the defendant participate in a recognized treatment program for sex offenders.  Again, this is based upon the facts of this case and his convictions which demonstrate his prurient interest in young children.  So 10 is stricken with the exception of the sex offender counseling and other education surrounding that particular topic."  The court further imposed condition no. 16 requiring defendant to participate in sex offender treatment pursuant to section 1203.067, subdivision (b).  This appeal followed.

## DISCUSSION

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.  [Citations.]  'The court may impose and require . . . [such] reasonable conditions[] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer.'  [Citation.]  The trial court's discretion, although broad, nevertheless is not without limits[.]"  (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120–1121.)

4

## A. Electronics Search Condition

In *Lent*, *supra*, 15 Cal.3d 481, the California Supreme Court adopted a three-prong test for determining whether a probation condition is unreasonable. "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . .' " (*Lent*, at p. 486.) "[A]ll three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

Paez argues, and we agree, that the electronics search condition is invalid under *Lent*. The first *Lent* prong is satisfied because the record does not show a relationship between Paez's use of electronic devices and the offending conduct sufficient to justify the search condition. There is no information in the record that Paez used any kind of electronic device to commit, plan, or facilitate his offenses of molesting a child or dissuading a witness. (See, e.g., *People v. Castellanos* (2020) 51 Cal.App.5th 267, 270, 271, 275–276 [defendant had three cell phones in his car at the time of arrest and cell phones are frequently used in drug sales]; *People v. Appleton* (2016) 245 Cal.App.4th 717, 719–720 [defendant met victim through social media].) Nor is there any mention whatsoever of Paez's use of a mobile phone, computer, or social media account in connection with Doe or any other conduct that might be said to relate to the offenses in this case. As for the second *Lent* prong, it goes without saying that the use of electronic devices is not criminal in and of itself. (*In re Amber K.* (2020) 45 Cal.App.5th 559, 566.)

The third *Lent* prong "contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests

served by the condition." (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122 (*Ricardo P.*).) It "requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Id.* at p. 1121.) Thus, in *Ricardo P.*, the Supreme Court struck down an electronics search condition that was based on the juvenile court's mere belief that the minor was using marijuana when committing felony burglary offenses, and that minors generally would brag about drug or marijuana usage online. (*Id.* at pp. 1116–1117.) Nothing in the record indicated the minor had ever used an electronic device or social media in connection with criminal conduct. (*Id.* at p. 1122.) *Ricardo P.* acknowledged that an electronics search condition could be appropriate where the probationer's offense or personal history provided a sufficient factual basis to determine that such a condition would be a proportional means to deter future criminality. Nonetheless, the high court concluded on the record before it that the burden the search condition imposed on the minor's privacy was "substantially disproportionate to the countervailing interests of furthering his rehabilitation and protecting society." (*Id.* at p. 1120.)

The same holds true here. Nothing in the testimony at the preliminary hearing, the probation report, or the record of Paez's personal history, revealed anything about his electronics use that might be connected to his past crimes or potential future criminality. Paez had no prior history of arrests, convictions, or probation, and his risk of recidivism was assessed as below average. Thus, as in *Ricardo P.*, the burden imposed by the electronics search condition on Paez's privacy is "substantially disproportionate to the condition's goal" of deterring future criminality. (*Ricardo P., supra,* 7 Cal.5th at p. 1120; see also *In re David C.* (2020) 47 Cal.App.5th 657, 663–664 (*David C.*).)

6

Conceding that "nothing in the record suggests that [Paez's] use of electronic devices was involved in his sexual assaults on Ms. Doe", the People nonetheless urge the condition's validity under *People v. Salvador* (2022) 83 Cal.App.5th 57 (*Salvador*). In rejecting the defendant's challenge to an electronics search condition, *Salvador* concluded "the connection between the defendant's use of social media and potential future sex offenses is more than just an abstract or hypothetical relationship; predators online commonly use social media to contact and groom minors." (*Id.* at p. 64, fn. omitted.) But the factual nexus in *Salvador* was more than hypothetical. Specifically, "[t]he probation report stated that Salvador 'used a cellular phone to exchange social media messages with the victims on his case.'" (*Id.* at p. 64.) From this, the court concluded the nexus between the offenses and the use of electronic devices was "somewhat attenuated, but not altogether absent." (*Id.* at p. 64.) Here, the case does not reach even that low bar, as the record contains no evidence whatsoever of Paez's use of electronic devices or social media in connection with the victim, or in any other respect that might reflect on his potential for future criminality. As such, the relationship in this case between the electronics search condition and the deterrence of future criminality is merely "abstract or hypothetical," which is insufficient under *Lent*. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1121.)

The People contend Paez's concerns about privacy can be ameliorated if the electronics search condition is modified to limit searches to certain items in his electronic devices, such as text messages, voicemail messages, call logs, photographs, email accounts, and social media accounts. But even if modified as proposed, the search condition would still be invalid under *Lent* because, for the reasons discussed, it relates to noncriminal conduct and bears no reasonable or demonstrable relationship to Paez's offenses or deterring his

future criminality.  Moreover, the proposed modification "does not meaningfully narrow the scope of the search condition."  That is, it would "still impose a 'very heavy burden' " on Paez's privacy by permitting "searches of social media accounts, e-mails, text messages, search histories, and digital photos and videos."  (*David C.*, *supra*, 47 Cal.App.5th at p. 664.)

Accordingly, we strike the electronics search condition.  We need not reach Paez's additional argument that the condition is unconstitutionally overbroad.

### B. Sex Offender Treatment Condition

Though Paez's misdemeanor conviction under section 647.6, subdivision (a)(1), requires his registration as a sex offender under section 290, his felony conviction for dissuading a witness does not.  Accordingly, he argues the trial court "lacked authority" under section 1203.067, subdivision (b), to impose two years of sex offender treatment as a condition of his probation.  In so arguing, Paez assumes the two-year probation term "had to have been imposed" for his nonregistrable felony offense because under section 1203a, subdivision (a), the probation term for a misdemeanor cannot exceed one year.  (§ 1203a, subd. (a).)  We are not persuaded.

As the People point out, when a probationary term is granted, it is determined for the case as a whole, not discrete convictions.  (*People v. Saxton* (2021) 68 Cal.App.5th 428, 432 (*Saxton*) ["if case involves both misdemeanor and felony convictions, court should impose 'a single term of punishment and probation for all charges' "]; see *People v. Cole* (2020) 50 Cal.App.5th 715, 719 [holding that probationer was subject to only one term of probation rather than separate grants of probation for each of two discrete offenses].)  Consistent with this general rule, the trial court here imposed a single probationary term of two years for the case as a whole.

Paez responds the issue here is not so much the overall length of probation but whether the probation condition for sex offender treatment under section 1203.067 could be imposed for a felony that is not a sex offense. But his insistence that the trial court imposed sex offender treatment for his nonregistrable felony offense rests on the flawed assumption that section 1203a's one-year probation cap barred the court from imposing the two-year probation condition for his registrable misdemeanor offense. Whether section 1203.067 authorizes the two-year condition, and whether section 1203a is intended to restrict such authority, are matters of statutory construction, which we review de novo. " ' "[W]e first examine the statutory language, giving it a plain and commonsense meaning," ' " but " '[w]e do not consider statutory language in isolation; instead, we examine the entire statute to construe the words in context.' " (*Rodriguez v. FCA US LLC* (2024) 17 Cal.5th 189, 197.)

Section 1203.067 provides in relevant part that for "persons placed on formal probation for an offense that requires registration pursuant to Sections 290 to 290.023, inclusive," the terms of probation "shall include" the successful completion of "a sex offender management program, following the standards developed pursuant to Section 9003. . . . The length of the period in the program shall be not less than one year, up to the entire period of probation, as determined by" a certified sex offender management professional in consultation with the probation officer and the court. (§ 1203.067, subd. (b)(2).)

The application of section 1203.067 is straightforward in this case. Paez was placed on formal probation, and his offense of molesting a child under section 647.6 is a registrable offense under section 290, subdivision (c)(1). Thus, the court was statutorily required to order sex offender

9

treatment as a condition of Paez's probation for at least one year. (§ 1203.067, subd. (b)(2).)

That section 1203a generally imposes a one-year probation cap for misdemeanor convictions does not call for invalidation of the two-year treatment condition because the instant case is not one in which the cap applies. "Assembly Bill 1950 amended Penal Code sections 1203a and 1203.1 to restrict the length of most probation terms. [Citation.] Effective January 1, 2021, misdemeanor probation terms are generally limited to one year [citation], and felony probation terms are generally limited to two years [citation]. Exempt from these limits are offenses that 'include[] specific probation lengths within [their] provisions.' " (*Saxton*, *supra*, 68 Cal.App.5th at p. 431.)

We acknowledge that Paez's misdemeanor offense under section 647.6, standing by itself, is not exempted from section 1203a's one-year probation term limit. But section 1203a does not assist Paez under the circumstances here. By its terms, section 1203a's one-year probation term limit applies "in misdemeanor cases." (§ 1203a, subd. (a); see *People v. Flores* (2022) 77 Cal.App.5th 420, 444 [under section 1203a, "probationary period may not exceed . . . one year in misdemeanor cases"].) A " '[m]isdemeanor or infraction case' means a criminal action in which a misdemeanor or infraction is charged and does *not* include a criminal action in which a felony is charged in conjunction with a misdemeanor or infraction." (§ 691, subd. (g); italics added.) A " '[f]elony case' means a criminal action in which a felony is charged and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony." (§ 691, subd. (f).) That means the instant action is a felony case because a misdemeanor (molestation of a child under section 647.6) was charged in conjunction with a felony (dissuading a

10

witness under section 136.1). Accordingly, the trial court properly exercised its authority under section 1203.067 in imposing the two-year treatment condition for Paez's registrable misdemeanor offense because this was a felony case that was not subject to the one-year limit of section 1203a.

Paez alternatively contends the sex offender treatment condition should be reduced to one year. But this argument is based on the same flawed assumption that his probation could not exceed one year under section 1203a. As we have explained, a probationary term is determined for the case as a whole, not discrete convictions. (*Saxton*, *supra*, 68 Cal.App.5th at p. 432.) Finally, Paez does not contend a two-year term of sex offender treatment is unreasonable or disproportionate to deterring future criminality under *Lent*. The trial court could reasonably conclude two years of rehabilitation through a sex offender treatment program was necessary given Doe's testimony that Paez committed numerous instances of inappropriate sexual contact with her between 2019 and 2021.

## DISPOSITION

We modify the trial court's order suspending imposition of sentence and ordering Paez to serve two years of formal probation by striking the electronics search condition. In all other respects, the judgment is affirmed.

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Petrou, J.


*People v. Paez* (A172714)