Filed 5/21/26  P. v. Brooks CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | F090177 |
| Plaintiff and Respondent, | (Super. Ct. No. F23909461) |
| v. | |
| ALLEN BROOKS, JR., | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  William Terrence, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Dina Petrushenko and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Defendant Allen Brooks, Jr. (defendant) pled no contest pursuant to a negotiated agreement, to attempted pandering by encouraging (Pen. Code, §§ 664, 266i,

---

[*]     Before Peña, Acting P. J., Snauffer, J. and DeSantos, J.

1.

subd. (a)(2))[1] in exchange for a grant of probation.  On appeal, defendant claims that the electronic-device search condition, imposed as a condition of his probation, is unconstitutionally overbroad and should be narrowly tailored.  Defendant also requests that his minute order from the sentencing hearing be corrected to accurately reflect the trial court's order regarding the travel ban condition.  The People contend defendant's challenge to his probation condition is forfeited due to his failure to object; even so, they argue the condition is facially valid.  The People have no objection to correcting the minute order regarding the travel ban.

We order the trial court to correct its minute order to accurately reflect the court's oral pronouncement of the travel ban probation condition.  In all other respects we affirm the judgment.

## PROCEDURAL SUMMARY

On December 28, 2023, the Fresno County District Attorney filed a felony complaint charging defendant with pandering by encouraging (§ 266i, subd. (a)(2)).  On April 15, 2025, as part of a negotiated plea agreement, defendant pled no contest to an amended charge of attempted pandering by encouraging (§§ 664, 266i, subd. (a)(2)) in exchange for a grant of probation.

On June 24, 2025, pursuant to the agreement, the trial court suspended imposition of sentence and placed defendant on formal probation for two years.  As a condition of probation, the court ordered defendant to "[s]ubmit all electronic devices, including but not limited to computers, handheld devices, and cell phones, to search and seizure at any time of the day or night by any law enforcement officer or probation officer with or without a search warrant, with or without probable cause or reasonable suspicion.  [¶]  By virtue of your open search and seizure provision, you are deemed to have given specific consent to any law enforcement officer, including a probation officer, under the

---

[1]      Hereinafter, undesignated statutory references are to the Penal Code.

2.

California Electronic Communication Privacy Act [(§ 1546, et seq.)] to search your electronic devices for electronic device information."

Defendant filed a timely notice of appeal, and a certificate of probable cause was granted.

## FACTUAL SUMMARY[2]

An undercover detective (UC) created a fictitious female social media profile to assist in investigations relating to pimping, prostitution, and other related crimes. On January 12, 2023, the UC received a message from defendant asking if she was a female prostitute who was willing to work, and if she was available. The UC responded affirmatively, and defendant replied he was eager to make money with her. Defendant identified himself using names that are commonly associated with pimps.

Defendant continued to message the UC, attempting to convince her to work for him. The UC asked defendant about his fee, which is the amount the female pays to a pimp, and defendant responded that his fee was $5,000. When the UC asked about advertisements, defendant told her to do whatever she did best. Defendant claimed to have two other females working for him. Defendant kept asking the UC for the $5,000 fee, referring to her as his new prostitute. Eventually, it was agreed that defendant would meet the UC at a hotel for his $5,000 fee. Defendant arrived at the hotel and was taken into custody.

## DISCUSSION

### A.    Electronic-Device Search Condition

Defendant claims the electronic-device search condition imposed by the trial court is unconstitutionally overbroad, arguing it impedes his right to privacy and should be more narrowly tailored. The People contend defendant raises an as-applied challenge, which he forfeited by failing to object at sentencing. Regardless, the People contend the

---

**2**      Facts are summarized from the probation report filed on June 24, 2025.

condition is tailored to the goals of rehabilitating defendant and therefore valid. Defendant denies that his claim is forfeited because his challenge is limited to whether the condition is overbroad on its face and is not an as-applied challenge. We conclude that defendant's claim, as presented, is not a pure question of law and is therefore forfeited.

**B.      Applicable Law and Standard of Review**

We generally review challenges to the imposition of probation conditions for abuse of discretion and review constitutional challenges to probation conditions de novo. (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723 (*Appleton*).)

A trial court has broad discretion to impose probation conditions, but that discretion is bound by constitutional limits. (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)

**C.      Analysis**

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*Sheena K., supra,* 40 Cal.4th at p. 880.) Defendant did not object to the court's imposition of the electronic-device search condition at sentencing and raises it for the first time on appeal. Therefore, we must first determine whether defendant's claim is forfeited by his failure to object.

Our Supreme Court in *Sheena K.* set guidelines for how the forfeiture rule applies to various challenges to probation conditions. These guidelines stem from the forfeiture rule's purpose, which is to encourage parties to bring errors to the attention of the trial court so they may be immediately corrected. (*Sheena K., supra*, 40 Cal.4th at p. 881.) As such, forfeiture is appropriate for claims challenging probation conditions as

4.

unreasonable because the trial court is in a better position than the appellate court to review and modify a probation condition that is premised upon the facts and circumstances of the individual case. (*Id.* at p. 885.) On the other hand, a pure facial challenge, one which challenges the phrasing or language of a probation condition as unconstitutionally vague or overbroad, and "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts," is well suited for review in the appellate court and not forfeited. (*Ibid.*)

In *Sheena K.*, the defendant challenged the probation condition that she " 'not associate with anyone disapproved of by probation[,]' " as vague and overbroad in violation of her First and Fifth Amendments. (*Sheena K.*, *supra*, 40 Cal.4th at p. 878.) The appellate court modified the language in the probation condition, adding a requirement that the defendant have "knowledge" that probation disapproved of a particular associate. (*Ibid.*) On review, our Supreme Court concluded the defendant's unconstitutionally vague challenge was not forfeited because it asserted an error presenting a pure question of law, easily remediable on appeal. (*Id.* at pp. 879, 888–889.) It concluded that "[a]n obvious legal error at sentencing that is 'correctable without referring to factual findings in the record or remanding for further findings' is not subject to forfeiture." (*Id.* at p. 887.)

Our Supreme Court cautioned that not every constitutional challenge will fit within this exception " ' "since there may be circumstances that do not present 'pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court.' " ' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) "[I]n some instances, a constitutional defect may be correctable only by examining factual findings in the record or remanding to the trial court for further findings." (*Id.* at p. 887.) In these circumstances, forfeiture is appropriate because the defendant "should object to a perceived facial constitutional flaw at the time a probation condition initially is imposed

5.

in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction." (*Id.* at p. 889.)

Turning to the present case, defendant raises a constitutional challenge to the electronic-device probation condition as being overbroad. The pivotal determination before us is whether defendant's constitutional challenge is a facial challenge presenting a pure question of law, one that can be resolved without any reference to the record, or one that is correctable only by examining factual findings in the record or by remand to the trial court. (See *Sheena K.*, *supra*, at pp. 887–889.) While defendant assures this court that his challenge is a facial and purely legal challenge, his arguments indicate otherwise.

Defendant disputes that his claim is forfeited and maintains that the constitutional defect appears on the face of the condition. Yet, defendant continually refers this court to the record and relies on specific facts of his offense and relies on the prosecutor's arguments at sentencing in order to support his challenge that his probation condition is unconstitutionally overbroad. Defendant relies on the record to demonstrate the condition is overbroad as applied to his case: he states "[n]othing in the record suggests the court intended to authorize unlimited electronic intrusion" and "there is every reason to believe [the trial court] would have imposed a narrower, properly tailored condition." Defendant again refers to the record, arguing "[n]othing in this sentencing record suggests the court made any individualized determination that effective supervision required unlimited access to all electronic devices."

Additionally, defendant's arguments are reliant on the specific facts. First, defendant argues his electronic-device condition is overbroad because it "authorizes unlimited access to every category of digital data, without restriction to material reasonably related to pimping/prostitution or supervision." Defendant suggests that the electronic-device restriction could be limited to: "communications with potential recruits or sex-trade contacts; social-media accounts used to facilitate the offense; or data

6.

reasonably likely to show ongoing criminal activity." Defendant's arguments here do not present a pure facial challenge. Instead, defendant's suggestions would require this court to review the individual facts and circumstances of the underlying offense in order to consider defendant's suggested limitations. A facial challenge does not require the scrutiny of individual facts and circumstances as defendant's claim requires but instead requires only a review of abstract and generalized legal concepts. (*Sheena K.*, *supra*, 40 Cal.4th at p. 885.)

Second, defendant argues the "privacy burden is substantially disproportionate to the legitimate interests in the present case." Defendant asserts that the state's interest is to monitor "whether [defendant] uses social media or other electronic communications to recruit people into prostitution."[3] He suggests the condition could be more narrowly tailored by limiting searches to: "text, email, and messaging apps reasonably likely to be used for such recruitment; social-media accounts or online ads; and like content reasonably likely to reveal pimping-related conduct." Again, defendant's arguments require a fact-based, as-applied approach, which would require this court to examine the facts and circumstances of the underlying offense in order to determine whether the condition could be more narrowly tailored. A pure facial challenge does not require the scrutiny of individual facts and circumstances. (*Sheena K.*, *supra*, 40 Cal.4th at p. 885.)

In his reply, defendant admits his analysis "refers to the facts of the offense" but argues that it is "only to identify the outer boundary of any legitimate supervisory interest … and does not require additional factual development." Defendant misunderstands the law here. To be exempt from forfeiture, defendant's claim must present a " ' "pure question[] of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) Defendant, by his own words, demonstrates his claim cannot be

---

[3]    The People assert the state interest here is to rehabilitate defendant and protect potential victims from additional criminal activity.

resolved without a reference to the record. It is in these circumstances that our Supreme Court recognized that traditional objection and waiver principles should apply. (See *ibid*.) Accordingly, we conclude defendant's constitutional challenge to the electronic-device search condition does not present a pure question of law and is therefore, forfeited for failing to object at sentencing.

Defendant's reliance on *Appleton* and *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.)* to argue that the electronic-device condition is constitutionally overbroad fails to demonstrate his challenge is not forfeited. The defendant in *Ricardo P*. did not challenge his probation condition as unconstitutionally overbroad but as unreasonable under *Lent*, a fact-based analysis, which would be forfeited by a failure to object. (See *Ricardo P*., at pp. 1118–1129; see also *Sheena K*., *supra*, 40 Cal.4th at p. 882 [forfeiture rule extended to claims that probation conditions are unreasonable when the defendant fails to object].) However, because the defendant in *Ricardo P*. challenged the electronic probation condition at sentencing, his claim was not forfeited. (*Ricardo P*., at p. 1117.) Here, defendant raises an unconstitutional challenge that does not present a pure question of law, which he failed to object to at sentencing. Therefore, *Ricardo P*. is readily distinguished.

The defendant in *Appleton* challenged his electronic search probation condition as unreasonable under *Lent* and as unconstitutionally overbroad. (See *Appleton*, *supra*, 245 Cal.App.4th at pp. 723–727.) However, the defendant in *Appleton* "unambiguously set forth his objections on the record" at sentencing. (*Id*. at p. 723.) Therefore, *Appleton* is readily distinguished since defendant failed to object to his probation condition as unconstitutionally overbroad at sentencing.

### D.     Clerical Error in the Record

The defendant claims the minute order does not accurately reflect the trial court's probation condition regarding defendant's ability to travel outside California and requests that it be corrected. The People do not object.

A court has "inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385; see *People v. Mitchell* (2001) 26 Cal.4th 181, 185–186.) Errors in the court's minute orders are clerical errors that may be corrected at any time. (*Mitchell,* at p. 185.) At the sentencing hearing, the trial court imposed a condition of probation that defendant was "... not to leave the [s]tate of California without the consent of your probation officer." However, the corresponding minute order, dated June 24, 2025, lists the condition as "Do not leave California." As such, the June 24, 2025 minute order does not accurately reflect the oral pronouncement of the court. Both parties are in agreement that the minute order should be corrected.

This court has the authority to correct an erroneous record so that it accurately reflects the trial court's oral pronouncement of judgment. (See *People v. Mitchell*, *supra*, 26 Cal.4th at p. 185.) Therefore, we order that the June 24, 2025 minute order be corrected to accurately reflect the court's June 24, 2025 oral pronouncement of the probation condition, stating, do "not leave California without the consent of your probation officer."

## DISPOSITION

The clerk of the Fresno County Superior Court is directed to correct the June 24, 2025 minute order to conform with the court's oral pronouncement of judgment on June 24, 2025. Specifically, the travel ban probation condition shall be corrected to state, "Do not leave California without the consent of your probation officer." In all other respects, the judgment is affirmed.

9.